487 A.2d 891

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony Edward BRADY, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1984.

Filed Jan. 18, 1985.

138

---

Christopher J. Foust, Milton, for appellant.

Anthony J. Rosini, Assistant District Attorney, Sunbury, for Commonwealth, appellee.

Before McEWEN, BECK and CERCONE, JJ.

McEWEN, Judge:

This appeal is from the judgment of sentence imposed upon appellant after he was found guilty by a jury of second degree murder, burglary and criminal mischief, and sentenced to: (1) life imprisonment on the charge of second degree murder; (2) a consecutive term of imprisonment of from five years to ten years on the charge of burglary; and (3) a concurrent term of imprisonment of from six months to one year on the charge of criminal mischief.[1] Although appellant submits forty-two issues for our review, we discuss but one claim as it proves to be dispositive: whether the Commonwealth may introduce, as substantive evidence, a prior inconsistent statement uttered by a non-party witness. We are constrained to reverse and remand for a new trial.

After the car in which they were driving was stranded along a desolate road, appellant and a female companion, Tina Traxler, decided to travel the remainder of the distance to their homes on foot. Enroute, they encountered the Wilson Manufacturing Plant and scaled the fence which surrounded it. Once inside the building, the pair separated: Traxler stood in a hallway while appellant entered the company's lunchroom to pry open a dollar change machine. When a night watchman confronted Traxler and grabbed her by the arm, appellant returned from the lunchroom, began to grapple with the guard and, eventually, stabbed him to death.

The next day, Traxler appeared on her own initiative at the police station and volunteered a statement to the police which implicated appellant in the crimes. However, prior to

---

1. After appellant filed a motion to modify his sentence, the sentencing court vacated the judgment of sentence imposed upon him for burglary for the reason that it merged for sentencing purposes with the sentence imposed for second degree murder.

trial, she substantially recanted this initial account of the incident. Appellant was, nonetheless, found guilty by a jury of second degree murder, burglary and criminal mischief. After his motions for a new trial and in arrest of judgment were denied, he undertook this appeal.

Appellant contends that the trial court erred when it permitted the Commonwealth to introduce as substantive evidence Traxler's prior inconsistent statement implicating appellant in the homicide. We agree. "It has long been the law in Pennsylvania that prior inconsistent statements of a non-party witness are not admissible as substantive evidence of the truth of the matters asserted therein." *Commonwealth v. McGuire*, 302 Pa.Super. 226, 234, 448 A.2d 609, 613 (1982). *See also Commonwealth v. Waller*, 498 Pa. 33, 39 n. 2, 444 A.2d 653, 656 n. 2 (1982); *Commonwealth v. Brown*, 302 Pa.Super. 391, 448 A.2d 1097 (1983).[2] During the instant trial, after the Commonwealth had impeached Traxler with her prior inconsistent statement, the court permitted the prosecutor to play a tape to the jury which consisted of the entire initial police interview in which Traxler implicated appellant in the crime. It cannot be doubted that the jury erroneously utilized the prior inconsistent statement as substantive evidence of appellant's guilt since (1) the statement was educed from the only person who specifically identified appellant as the killer, *see Commonwealth v. Floyd*, 327 Pa.Super. 569, 476 A.2d 414 (1984), and (2) the trial court did not instruct the jury that this evidence could only be utilized to impeach her testimony. *See Commonwealth v. French*, 501 Pa. 134, 460 A.2d 725 (1983); *Commonwealth v. Floyd, supra.*

■ Our inquiry, therefore, must focus on whether the introduction of this statement as substantive evidence was

2. "Although a contrary statement appears in *Commonwealth v. Loar*, 264 Pa.Super. 398, 399 A.2d 1110 (1979) ... this statement has been disapproved by the Supreme Court. '[S]uch has never been and is not now the law in this Commonwealth.' *Commonwealth v. Waller, supra* 498 Pa. at 39 n. 2, 444 A.2d at 656 n. 2 (1982)." *Commonwealth v. McGuire, supra* 302 Pa.Super. at 234, 448 A.2d at 613 (emphasis deleted).

"harmless error". Error will be held harmless in a criminal trial only if the reviewing court determines that the error did not affect the jury's verdict beyond a reasonable doubt. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978); *Commonwealth v. Laws,* 474 Pa. 318, 378 A.2d 812 (1977). Such a finding may be made if (1) the prejudice from the erroneously admitted evidence is *de minimis,* (2) the erroneously admitted evidence is merely cumulative of other properly admitted evidence, (3) it is substantially similar in kind and incriminating details to other indisputable, independently obtained, and properly admitted evidence, or (4) if the Commonwealth's evidence of guilt is overwhelming and, by comparison, the prejudice of the error is insignificant. *Commonwealth v. Story, supra* 476 Pa. at 409–417, 383 A.2d at 164–168. *See also Commonwealth v. Taraschi,* 327 Pa.Super. 179, 475 A.2d 744 (1984).[3]

The distinguished Judge Samuel C. Ranck was without the benefit of these recent holdings which compel us to conclude that utilization of the statement at issue resulted in more than mere *de minimis* prejudice and, indeed, as Judge Ranck notes in his able opinion, the statement was the "chief evidence" of appellant's guilt. Moreover, it was not cumulative or substantially similar in kind and incriminating details to other, independently obtained, and properly admitted evidence. Thus we must determine whether the Commonwealth's evidence of guilt is "overwhelming" and whether, by comparison, the prejudice of the error is insignificant. We are guided in this regard by the principles enunciated in *Commonwealth v. Story, supra,* 476 Pa. at 413, 383 A.2d at 166:

Under this approach, a reviewing court first determines whether the untainted evidence, considered independently of the tainted evidence, overwhelmingly establishes the defendant's guilt. If 'honest, fair minded jurors might very well have brought in not guilty verdicts,' an error

**3.** We note that "the burden of establishing that the error was harmless beyond a reasonable doubt rests with the Commonwealth." *Commonwealth v. Story, supra* 476 Pa. at 406 n. 11, 383 A.2d at 162 n. 11 (citations omitted).

cannot be harmless on the basis of overwhelming evidence. *Commonwealth v. Davis*, 452 Pa. [171] at 181, 305 A.2d [715] at 721, [(1973)], *quoting Chapman v. California*, 386 U.S. 18, 26, 87 S.Ct. 824, 829, 17 L.Ed.2d 705 (1967). Once the court determines that the evidence of guilt is overwhelming, it then decides if the error was so insignificant by comparison that it could not have contributed to the verdict.

Our study of the record results in the following "uncontradicted" evidence of guilt:

1. Blood types on the shirt worn by appellant match those found on the victim's clothes.

2. Blood of appellant's type was found on the decedent's clothes.

3. Appellant was seen carrying a knife on the night of the murder.

We are of the view (1) that the uncontradicted evidence of appellant's guilt is not "overwhelming"; (2) that the prejudice engendered by the statement elicited from Traxler is not insignificant; and (3) that "honest, fair minded jurors might very well have brought in not guilty verdicts [based solely on the untainted evidence]". Thus, we are not convinced beyond a reasonable doubt that "the error did not affect the jury's verdict. . . ." *See Commonwealth v. Story, supra.*

 Since this case must be remanded for a new trial, we will also address appellant's argument that the trial court erred when it permitted the Commonwealth to impeach its own witness, Traxler, using the prior inconsistent statement which inculpated appellant in the murder. We agree with this assertion in light of the principles enunciated in *Commonwealth v. Thomas*, 459 Pa. 371, 329 A.2d 277 (1974):

The fundamental rule in this jurisdiction is that it is within the sound discretion of the trial court to decide whether counsel may exercise the right of cross-examination of his own witness. In recent years this Court has announced several principles for the trial courts to follow in the exercise of this discretion. First, before counsel

may cross-examine his own witness on a plea of surprise the testimony given by the witness must be unexpected. *Commonwealth v. Turner,* 389 Pa. 239, 133 A.2d 187 (1957):

> " 'Generally, to entitle the party calling the witness to relief from the situation caused by the witness's adverse testimony, it is essential that such party be really surprised by such testimony.' ... Surprise, in its legal connotation, does not embrace disappointment or a feeling of frustration on the part of the one seeking to have a witness testify otherwise than he has indicated he will do." *Id.,* 389 Pa. at 253–254, 133 A.2d at 193.

Secondly, the testimony of the witness must be contradictory to statements the witness had made earlier. Thirdly, the testimony must be hurtful or injurious to the party calling the witness and beneficial to the opposing side.

> " 'Since the purpose of the cross-examination and impeachment is then, to induce the jury to disbelieve the testimony of the witness—there must be something in the witness' testimony, which if not disbelieved by the jury will be hurtful or injurious to the party calling him. Were it otherwise there could be no occasion to discredit or impeach the witness or to stamp him as unworthy of belief.' " *Commonwealth v. Turner,* 389 Pa. at 254, 133 A.2d at 194.

Fourthly, the scope of the cross-examination may not be excessive.

*Id.,* 459 Pa. at 379–381, 329 A.2d at 280–281 (citations omitted). *See also Commonwealth v. Thirkield,* 311 Pa.Super. 413, 457 A.2d 954 (1983); *Commonwealth v. Waller, supra.* The record reveals that the Commonwealth was fully apprised before trial of Traxler's recantation of her initial statement [4] and, therefore, her more recent version of

---

4. Prior to trial, appellant filed a "Supplemental Application in Support of Omnibus Pretrial Motion" which contained an affidavit, signed by Traxler, wherein she retracted her initial statement to the police.

144

the incident was not "unexpected". Thus, it was improper for the Commonwealth to plead surprise.

Judgment of sentence reversed. Case remanded for new trial. Jurisdiction relinquished.