514 A.2d 612

COMMONWEALTH of Pennsylvania

v.

James MALONE, Appellant.

Superior Court of Pennsylvania.

Submitted April 9, 1986.

Filed Aug. 29, 1986.

Daniel-Paul Alva, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from judgment of sentence. Appellant was convicted at a bench trial of aggravated assault and other offenses. He received a mandatory minimum 5 to 10 year sentence pursuant to 42 Pa.C.S.A. 9712. Appellant raises four issues. We reverse and remand for a new trial.

Appellant claims first that the court abused its discretion in limiting the substantive testimony of his wife. We agree.

At trial, appellant objected to the proposed testimony of a Commonwealth witness on the ground that he was not given the witness' name or address prior to trial. He asserted this objection on the basis of Pa.R.Crim.P. 305(B)(2)(a), which provides that the court may "order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items ...: (a) the names and addresses of eyewitnesses."

The court sustained appellant's objection and excluded the testimony of the proposed witness. The court relied on Rule 305(E), which leaves to a court's discretion the remedy for noncompliance with this Rule.

During appellant's presentation of his defense, he attempted to have his wife testify as to her recollection of the

events on the night in question. The District Attorney objected to the proposed testimony on the ground that he was not furnished the name of this witness prior to trial. The DA relied on Rule 305(C), which is similar to Rule 305(B). The court reasoned in excluding the testimony that "what's good for the goose is good for the gander." The court was presented with the option of continuing the case so that the District Attorney could interview the wife, but the court refused to select this option.

Although a trial court is vested with broad discretion concerning the admission of evidence, this discretion is abused if the judgment exercised is manifestly unreasonable. *See Commonwealth v. Lane*, 492 Pa. 544, 424 A.2d 1325 (1981). We conclude that the court abused its discretion in limiting the testimony of appellant's wife.

First, the use of a "tit for tat" approach has an immediate seductive appeal of symmetry that is ultimately illusory. It does little to further the truth-finding function of the court, especially when, as here, highly relevant and probative evidence is excluded. It is not fundamentally fair under these facts to say what's good for the goose is good for the gander. The goose may merely deservedly lose a case while the gander may undeservedly serve at least five years in prison.

Secondly, the court abused its discretion by misapplying Pa.R.Crim.P. 305(C). The Rule applies only if the Commonwealth files a motion for pre-trial discovery and alleges the materiality of the information requested to the preparation of its case. Such a motion was never filed by the Commonwealth. That appellant received a favorable ruling based upon an equally erroneous application of the Rule should be irrelevant. The record plainly indicates that the remedy was more drastic from appellant's point of view than was appropriate under the circumstances. The Commonwealth evidence was certainly only corroborative, while appellant's proferred evidence may indeed have warranted an acquittal.

The Rules are to be interpreted in a way that provides for the just determination of a proceeding. Pa.R.Crim.P. 2. In

view of appellant's version of the alleged crime and of the potential application of 42 Pa.C.S.A. 9712, the remedy imposed by the court was too severe. A continuance or recess during which appellant's wife could have been interviewed would have been reasonable. Accordingly, it was an abuse of discretion to exclude this highly probative and relevant evidence. As such, a new trial should be granted.

Judgment of sentence reversed. Remanded for a new trial. Jurisdiction is not retained.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge:

I respectfully dissent. The majority concludes that the trial court abused its discretion in excluding the testimony of appellant's wife concerning appellant's self-defense claim and, as a result, holds that appellant should be granted a new trial. For the following reason, I believe that a new trial should not be granted.

Even in the event that the trial court abused its discretion in refusing to admit appellant's wife's testimony, the error is harmless if it did not contribute to the verdict. The Court in *Commonwealth v. Story*, 476 Pa. 391, 404, 383 A.2d 155, 162 (1978), determined that error will be held harmless in a criminal trial only if the reviewing court determines that this error did not affect the verdict beyond a reasonable doubt. See *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 826–27, 17 L.Ed.2d 705 (1967). A finding of harmless error may be made if (1) the prejudice from the erroneously admitted evidence is *de minimis*, (2) the erroneously admitted evidence is merely cumulative of other properly admitted evidence, (3) it is substantially similar in kind and incriminating details to other indisputable, independently obtained, and properly admitted evidence, or (4) if the Commonwealth's evidence is overwhelming and, by comparison, the prejudice of the error is insignificant. *Commonwealth v. Brady*, 338 Pa.Super. 137, 141, 487 A.2d 891, 893

(1985). *Commonwealth v. Story, supra,* 476 Pa. at 408–417, 383 A.2d at 164–68.

After a careful study of the record, I am of the view that the evidence of appellant's guilt is overwhelming and, by comparison, the prejudice of the error is insignificant. *Id.* At trial, during cross-examination, appellant admitted that no one had struck him. He also admitted that he had time to walk over to the car and explain the situation to his wife who, on appellant's orders, reached into the glove compartment and handed him a loaded gun. Appellant made no effort to get into the car and leave the scene. Instead, appellant took the gun and fired two shots at James McCole. (N.T. 59, 66–70, 78–80; Opinion, p. 4).

While on the stand, appellant had ample opportunity both during direct examination and cross-examination to present his version of what happened, including his self-defense claim, to the trial court. In this case, the trial court did not believe appellant's testimony concerning the events that occurred and found appellant's actions to be unjustified. Appellant's wife's mere corroboration of appellant's testimony would not have been enough to establish before the lower court that appellant acted in self-defense. All of the points that appellant claims his wife would have testified to had she been permitted could have easily been brought out by appellant during his testimony, since he was also present on the scene and aware of what was going on during these particular events. (Appellant's Brief, p. 11). Thus, appellant has failed to prove that his wife's testimony would have advanced his case or that the lack of it affected the verdict.

Therefore, I find that the evidence is overwhelming and, by comparison, the prejudice of the error is insignificant. *Commonwealth v. Brady, supra,* 338 Pa.Superior Ct. 137 at p. 141, 487 A.2d 891 at p. 893. *Commonwealth v. Story, supra,* 476 Pa. at 408–417, 383 A.2d at 164–68. In this case, a new trial is not warranted.