## Commonwealth *v.* Dreibelbis, Appellant.

Argued March 18, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William R. Bernhart,* with him *Austin, Speicher, Boland, Connor & Giorgi,* for appellant.

*Grant E. Wesner,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 18, 1970:

On May 10, 1968, the appellant was charged with having committed the crimes of burglary and larceny in Kutztown, Berks County, Pennsylvania and was found guilty on both counts by a jury on September 24, 1968. Appellant filed motions for a new trial and/or arrest of judgment which were denied by the lower court and defendant was sentenced to pay a fine of $200.00, costs of prosecution, and commitment to the Bureau of Corrections for not less than three years nor more than seven years.

The appeal before this court assigns several errors on the part of the trial judge, the first of which is the lower court's refusal to allow cross-examination of a Commonwealth witness with respect to his use of drugs. The witness, Joseph B. Halpin, was the alleged accomplice in the burglary and larceny which were the subject of this trial.

On May 9, 1968, Halpin gave a written, sworn statement to the District Attorney's office concerning the burglary and larceny. In the statement, Halpin

admitted that he was under the influence of drugs at the time of the crime.

At trial, defense counsel attempted to cross-examine Halpin on his alleged use of drugs at the time of the crime. The situation is shown by the record as follows: "BY MR. BERNHART: Q. How long have you been a user of drugs and narcotics? MR. HEVALOW: I object to that, Your Honor. THE COURT: Mr. Bernhart, suppose you see me at sidebar. (Discussion off the record at sidebar) (AT SIDEBAR) MR. BERNHART: May it please the Court, I should like to cross-examine the witness Halpin as to a statement that he gave to the district attorney's office 'that it was under the influence of these that the whole thing happened; namely, drugs'. I think this is proper questioning and proper cross-examination. If he admits that the burglary occurred when he was under the influence of these drugs, as he had admitted at the preliminary hearing. I think it goes to the question of his credibility, which is proper cross-examination. He is an admitted drug user. THE COURT: I sustain the Commonwealth's objection. (Whereupon the sidebar conference was concluded.) THE COURT: The objection is sustained. MR. BERNHART: May it please the Court, I should like to inquire as to the witness' state of mind during the burglary. THE COURT: I think you're going into the same thing I just ruled on. You are trying to get in one door what I've said was closed by another door. MR. BERNHART: I don't believe I have, Your Honor. The Court is cognizant of this description of his condition at the time of the burglary. THE COURT: I don't think that's relevant. He's not the one who is on trial here today. He has pleaded guilty. I deny your request. BY MR. BERNHART: Q. I repeat my question to you, Mr. Halpin—THE COURT: I think he has already answered it. I don't think you should ask him again."

It is the contention of the Commonwealth that the defendant, in his efforts to question the witness on his use of drugs, attempted to attack the credibility of the witness in general terms, which the Commonwealth claims is prohibited under the authority of *Commonwealth v. Payne*, 205 Pa. 101 (1903).

A review of the facts in this case however reveals that questioning as to drug usage by the witness would have been more than just a general, shotgun attack on his credibility. The question of drug influence, at the time of the commission of the crime, would have been particularly relevant since the witness admitted that the day after the crime he gave a statement to the police that the appellant was not involved, that twenty-one days after the crime, during an appearance in Juvenile Court he maintained that the appellant was not involved in the crime, and that he made no mention of defendant's participation until six months after the crime. Moreover, Halpin testified that there was a third individual who allegedly participated in the crime. All of these facts tend to show that at the time of the event to which he testified his powers of observation and memory were impaired and his recollection and account of the experience perhaps inadequate, for which purpose we approved similar questioning in *Commonwealth v. Morrison*, 157 Pa. Superior Ct. 366, 368-69 (1945). In that case, a prosecution for sodomy, defense counsel was prohibited from asking the question ". . . or were you smoking dope cigarettes and drinking stale cider that you found in the cellar that evening?" This court determined that the question was proper and should not have been excluded since it was ". . . related to events upon which the Commonwealth was relying for conviction." The court went on to say that the ". . . question was unobjectionable because it was asked for the purpose of attacking the credibility of the witness by showing *that at the*

*time of the event to which he testified* his powers of observation and memory were impaired, so that his recollection and account of the experience might be inaccurate." (Emphasis supplied)

Furthermore, in the *Morrison* case, supra, this court gave a different interpretation to *Commonwealth v. Payne* than has the appellee. This court said that *Payne* held ". . . that the credibility of a witness may not be assailed by questions which develop instances of misconduct *unrelated to the issue on trial.*" Similarly to what this court went on to say in *Morrison,* the rule in *Payne* is not applicable to the question propounded by appellant's counsel. The question of the witness' use of drugs at the time of the crime is directly ". . . related to events upon which the Commonwealth was relying for conviction." Thus the subject of drugs was a proper one for cross-examination under the tests of *Morrison.*

The Commonwealth advances the argument that the defendant did not so base his questioning at trial and to allow him to do so on appeal would be similar to allowing him to retry the case on a new theory of law. However, an inspection of the record reveals that the appellant stated at least three times, in different ways, that he intended to ask the questions relating to drugs to unveil the witness' state of mind at the time of the crime.

The Commonwealth contends that a jury's acceptance of oral testimony should not be lightly cast aside by this court. It claims this is especially true in this case since this court has previously ruled that the uncorroborated testimony of a drug addict is sufficient to support a conviction. (See *Commonwealth v. Olitsky,* 184 Pa. Superior Ct. 144 (1957)). This argument ignores the fact that the jury was prevented from hearing possible evidence, vital to the appellant's case, that the principal witness for the Commonwealth was under the

influence of drugs at the time of the crime in question. With this impeaching evidence before them, the jury's acceptance of the witness' testimony, and their verdict, may have been different.

The Commonwealth cites the rule that the trial judge is given a wide degree of discretion in the scope of cross-examination. *Commonwealth v. Marino,* 213 Pa. Superior Ct. 88 (1968). However, it is also the established rule that in any cross-examination of an alleged accomplice, very wide latitude and the most searching questions should be permitted. *Commonwealth v. Lopinson,* 427 Pa. 284 (1967); *Commonwealth v. Gable,* 171 Pa. Superior Ct. 468 (1952); and *Commonwealth v. Emmett and Middlecamp,* 74 Pa. Superior Ct. 86 (1920).

We hold, therefore, it was error for the trial court to exclude the attempted cross-examination of the witness, Halpin, relating to his use of drugs on the day of the crime, and that this error was prejudicial and fundamental, requiring a new trial be granted defendant.

We find it unnecessary, in view of this determination, to pass upon the other issues raised by defendant.

The order of the court below is reversed and new trial is granted.

WRIGHT, P. J., WATKINS and MONTGOMERY, JJ., would affirm on the opinion of Judge BERTOLET.