359 A.2d 390

**COMMONWEALTH of Pennsylvania**

**v.**

**Willie FRAZIER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 16. 1976.

Decided July 6, 1976.

506

A. Martin Herring, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Bonnie Leadbetter, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

O'BRIEN, Justice.

Appellant, Willie Frazier, was tried by a judge and jury and convicted of murder in the third degree.   Post-

trial motions were denied and appellant was sentenced to a term of three to twenty years in a state correctional institution. This appeal followed.

The facts surrounding this appeal are as follows. On July 4, 1974, appellant and the decedent, Calvin Bradsher, while attending a barbeque picnic, became embroiled in several arguments. After the picnic appellant and decedent continued their arguing during which time several threats were made which finally resulted in the decedent being shot and killed by appellant. At trial appellant's self-defense claim was rejected and he was found guilty of murder in the third degree; hence this appeal.

■ Appellant first argues that he was prevented from cross-examining the Commonwealth witnesses concerning the decedent's reputation for violence. This, of course, was relevant to appellant's self-defense claim. The record in the instant case reveals that appellant's counsel sought to ask the Commonwealth witness if he knew the decedent and whether he knew others who knew the decedent; at this point the Commonwealth objected. A side bar conference was held and defense counsel ended his questioning. The record does not indicate that appellant's counsel lodged his objection to the evidentiary ruling, or even attempted to continue his questioning. Based upon these facts, we are of the opinion that defense counsel failed to lodge a proper objection in order to preserve the issue for appellate review. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Moreover, the line of questioning that appellant now wishes to complain about was outside the scope of the witnesses' direct examination and, therefore, impermissible.

■ Lastly, appellant argues that the trial court's charge on both intoxication and self-defense as defenses were in error because the burden of persuasion was

placed upon appellant and this, according to *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974), was erroneous. We need not decide appellant's argument in the facts of the instant case. Appellant, as he admits in his brief, failed to note a proper exception to the court's charge in either area and is, therefore, now prevented from raising the issue. Appellant claims that no basis existed for his objection; however *Commonwealth v. Rose*, supra, was decided July 1, 1974, six months prior to appellant's trial. See *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). See also *Commonwealth v. Strand*, 464 Pa. 544, 347 A.2d 675 (filed October, 1975).

Judgment of sentence affirmed.

EAGEN, J., concurred in the result.

ROBERTS, J., filed a concurring opinion in which NIX and MANDERINO, JJ., joined.

ROBERTS, Justice.

Although I agree that appellant's judgment of sentence must be affirmed, I cannot join the majority's conclusion that he has failed to preserve the right to raise the propriety of the trial court's ruling limiting the scope of cross-examination of the two Commonwealth witnesses through his failure to "object" to the trial court's ruling.

I do not believe that a party is required to object or except when the court sustains the opposing party's objection. Once an objection is made to the question the issue is called to the court's attention. There is no need to revive the long abandoned formality of having counsel request an exception under pain of having the issue waived. Thus, the majority's conclusion, that counsel's failure to object to the trial court's sustaining of the objection waives the issue, is incorrect.

There were two witnesses whom appellant wished to cross-examine regarding decedent's reputation for vio-

lence. In the first instance, appellant asked his question, the Commonwealth interposed an objection, and the trial court, without ruling on the objection, called for a sidebar conference which was not recorded. At the end of the conference, appellant announced that he had no more questions for the witness. Because appellant did not pursue the matter at least enough to obtain a ruling, he may not now be heard to complain.

The second incident is somewhat different. Appellant asked three questions: the first concerned whether decedent was a braggart, the second was intended to elicit whether decedent had ever been arrested, and the third sought to determine whether the witness knew other people who knew decedent. An objection was interposed as each of these questions was asked, each objection was sustained and, as each objection was sustained, appellant moved on to his next question. At no point was the basis for the objection stated. On this record, if there is any basis for sustaining the objections we must do so. Cf. *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975). As the majority states, each of these questions was beyond the scope of direct examination. Because this is a sufficient ground upon which to sustain the trial court, I concur in the affirmance of appellant's judgment of sentence.

NIX and MANDERINO, JJ., join in this concurring opinion.