448 A.2d 609

COMMONWEALTH of Pennsylvania

v.

Richard M. McGUIRE, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed July 23, 1982.

228

John P. Campana, Williamsport, for appellant.

Robert F. Banks, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

WIEAND, Judge:

Richard McGuire was tried by jury and convicted of indecent assault[1] and corruption of minors.[2] On direct appeal, after post trial motions were denied and sentence imposed,[3] McGuire contends that the trial court erred (1) when it allowed the Commonwealth to introduce evidence of "drinking" by appellant; (2) when it refused a motion for mistrial after the prosecution had cross-examined appellant's wife concerning an unrelated assault in which appellant had allegedly broken his wife's finger; and (3) that the trial court erred by refusing to allow appellant to make a record of closing remarks, alleged to be prejudicial, made by the prosecuting attorney. There is merit in the first two of these contentions; and, therefore, we reverse and remand for a new trial.

Testimony during trial disclosed that Tanya, a nine year old child, came to visit the McGuire home sometime between 11:00 o'clock, A.M., and 12:30 o'clock, P.M. on May 20, 1978. When she arrived, appellant was target shooting on the back porch and drinking a glass of beer. Tanya spoke with appellant, entered the home, found Mrs. McGuire resting, and returned to the back porch. According to Tanya's testimony, appellant then moved his hand under her shorts and patted her buttocks.

This testimony was denied by appellant. He was asked, on cross-examination, if he had been drinking that day and responded: "I had one drink while Tanya was there,

1. 18 Pa.C.S. § 3126.

2. 18 Pa.C.S. § 6301.

3. The trial judge became ill and died before post trial motions had been decided.

yes, and the first drink I had that day, I may add." He also denied having experienced lapses of memory. Mrs. McGuire testified as a defense witness to what she had overheard while Tanya and appellant were talking on the back porch. On cross-examination, the prosecuting attorney, over objection, exceeded the scope of direct examination and questioned Mrs. McGuire regarding appellant's alleged prior lapses of memory. When Mrs. McGuire denied knowledge of any memory lapses, the prosecuting attorney asked: "Did you ever tell anyone that your husband had broken your finger and the next day he didn't even remember about it?" After an objection had been overruled and a motion for mistrial denied, the witness answered that she didn't recall ever telling anyone of such an event. Still later, the District Attorney asked her if she had told a policeman that appellant had come home at 9:30 "and started drinking whiskey and kept drinking the rest of the day." There followed a series of questions, not supported factually by any evidence, which assumed that appellant had been drinking whiskey, that he had had a bottle and that he had been drinking all day.

On rebuttal, the Commonwealth called a witness who testified, over objection, that Mrs. McGuire had told her that appellant "had been drinking all day," and a policeman who testified that Mrs. McGuire told him that appellant "drank heavy all day."

Although the prosecuting attorney neither offered to prove nor proved that appellant had been intoxicated and despite counsel's contention at the time of offering the evidence that appellant's drinking was relevant solely to attack appellant's credibility, the trial court instructed the jury as follows:

Now, I must say this to you, this man is not being tried for drinking. Some of you may have a built-in objection to the use of intoxicating liquor, you will have to put that aside. The only reason I permitted the evidence of drinking to come in is to what extent it may have affected the Defendant, because, of course, sometimes alcohol could be

a reason for a person doing something that under other circumstances he may not have done, and I think that was relevant on that point. Now, this is not to say I am telling you at that time he was intoxicated or not in full possession of his faculties. That is up to you, you are the fact finders. I merely want to explain to you the reason that evidence was permitted. (N.T. 192–193)

Defense counsel excepted to the charge on the grounds that evidence of drinking had been admitted only on the issue of credibility and not as evidence that appellant was acting under the influence of alcohol at the time of the alleged assault. The court then supplemented its charge as follows:

I mentioned drinking, and I mentioned the fact that the evidence was only to indicate to what extent it might have affected the Defendant, or Defendant's conduct, and I will say to you that if you think it was offered for some other purpose, or some other effect, that is up to you, I did not mean to tell you, I was merely trying to explain why the drinking was allowed in at all, because if some of you had a built-in objection to the use of alcohol, I wanted to explain that you had to put that aside, and the only reason for the admission was it was in evidence and it is up to you to determine what effect, if any, the consumption of alcohol might have had. Swear the Officers. (N.T. 197)

The cross-examination of Mrs. McGuire was clearly improper. Cross-examination is limited by the scope of the witness' direct examination. *Commonwealth v. Holland*, 480 Pa. 202, 216, 389 A.2d 1026, 1032 (1978); *Commonwealth v. Frazier*, 467 Pa. 505, 507, 359 A.2d 390, 391 (1976); *Commonwealth v. Cheatham*, 429 Pa. 198, 202–203, 239 A.2d 293, 296 (1968). Mrs. McGuire had been called as a defense witness solely for the purpose of recounting her recollection of Tanya's visit. Thus, it was improper to permit cross-examination regarding an alleged statement pertaining to an unproved incident in which appellant supposedly broke his wife's finger and was unable to remember it.

It was also improper for the questioner to imply that appellant had previously committed an assault on his

wife. The law is clear that "the credibility of a witness may not be assailed by questions which develop instances of misconduct unrelated to the issue on trial." *Commonwealth v. Morrison*, 157 Pa.Super. 366, 368, 43 A.2d 400, 401 (1945). *See also Commonwealth v. Gaddy*, 468 Pa. 303, 311–312, 362 A.2d 217, 221 (1976); *Commonwealth v. Katchmer*, 453 Pa. 461, 464–465, 309 A.2d 591, 593 (1973); *Commonwealth v. Cragle*, 281 Pa.Super. 434, 422 A.2d 547 (1980); *Commonwealth v. Grimm*, 249 Pa.Super. 441, 446, 378 A.2d 377, 379–380 (1977). The trial court attempted to justify the inquiry regarding the breaking of Mrs. McGuire's finger on the basis that it was "as likely that the allegedly broken finger resulted from conduct that was not even negligent as it [was] that the broken finger resulted from criminal conduct." The incident, whether accidental or intentional, was irrelevant to the issues at trial and served only to damage appellant's character in the eyes of the jury. The inquiry was improper and prejudicial and, therefore, should not have been permitted. *See Commonwealth v. Stanley*, 484 Pa. 2, 398 A.2d 631 (1979); *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976).

█ It was also error to permit Mrs. McGuire to be cross-examined regarding appellant's consumption of alcohol and then, after she had denied knowing of more than one drink, to receive testimony on rebuttal from witnesses who attributed to Mrs. McGuire's statements that appellant had been drinking all day. At trial, the Commonwealth contended that the cross-examination of the witness regarding appellant's drinking was proper to attack (a) the credibility of the wife-witness and (b) the ability of appellant to remember the events of the day in question. The cross-examination cannot be justified on either grounds.

█ Intoxication on the part of a witness at the time of an occurrence about which a witness has testified is a proper matter for the consideration of a jury as affecting his or her credibility. *Commonwealth v. Duffy*, 238 Pa.Super. 161, 173, 353 A.2d 50, 57 (1975); *Commonwealth v. Dreibelbis*, 217 Pa.Super. 257, 260–261, 269 A.2d 387, 389 (1970); *Common-*

*wealth v. Godfrey*, 177 Pa.Super. 640, 644, 112 A.2d 434, 436 (1955); *Commonwealth v. Rouchie*, 135 Pa.Super. 594, 604, 7 A.2d 102, 107 (1939). However, it is not merely the consumption of alcohol that is relevant to attack the credibility of a witness. "[T]he fact that a person drinks does not impeach his credibility; evidence of drinking is admissible only because it lays a foundation for an opinion of the *intoxication* of the witness." *In Interest of Wright*, 265 Pa.Super. 278, 288–289, 401 A.2d 1209, 1214 (1979) (emphasis in original). "Whether one may have partaken of some liquor is not the test of one's credibility and is the type of question, whether answered in the affirmative or negative, that may create in the minds of some jurors a most unfavorable inference." *Commonwealth v. Godfrey, supra,* 177 Pa. Super. at 644, 112 A.2d at 436.

■ The cross-examination of Mrs. McGuire regarding appellant's drinking cannot be justified as an attempt to attack her credibility. Her direct testimony had not contained any reference to the consumption or non-consumption of alcoholic beverages by appellant. Therefore, to ask on cross-examination whether she had told a policeman that appellant came home and started drinking heavily was improper. The statement which the prosecuting attorney sought to attribute to the witness was not inconsistent with any prior testimony which the witness had given. The only purpose of this question, it now seems clear, was to prejudice appellant by implanting in the minds of the jurors that appellant had been drinking on the day of the alleged offense, both before and after its occurrence. This was clearly improper.

The prejudice was compounded when, although there was no substantive evidence whatsoever that appellant had been drinking heavily or was intoxicated, the trial court instructed the jury that the use of intoxicating liquor "could be a reason for ... doing something that under other circumstances he may not have done," and left to the jury to determine whether appellant "was intoxicated" or "what effect, if any, the consumption of alcohol may have had."

■ The Commonwealth concedes that the only suggestion of heavy drinking came (a) from the prosecuting attorney's questions and (b) from the hearsay statements attributed to Mrs. McGuire, over objection, by the Commonwealth's rebuttal witnesses. Nevertheless, the Commonwealth contends that these prior statements of Mrs. McGuire could be considered by the jury as substantive evidence. This is not a correct statement of the law. It has long been the law in Pennsylvania that prior inconsistent statements of a nonparty witness are not admissible as substantive evidence of the truth of the matters asserted therein. *See Commonwealth v. Russell*, 456 Pa. 559, 565–566, 322 A.2d 127, 130–131 (1974); *Commonwealth v. Tucker*, 452 Pa. 584, 590 n.2, 307 A.2d 245, 248 n.2 (1973); *Commonwealth v. Commander*, 436 Pa. 532, 541–542, 260 A.2d 773, 778 (1970); *Commonwealth v. Blose*, 160 Pa.Super. 165, 172, 50 A.2d 742, 745 (1947). Although a contrary statement appears in *Commonwealth v. Loar*, 264 Pa.Super. 398, 399 A.2d 1110 (1979), decided after appellant's trial, this statement has been disapproved by the Supreme Court. "[S]uch has *never been and is not now the law* in this Commonwealth." *Commonwealth v. Waller*, 498 Pa. 34, 39 n.2, 444 A.2d 653, 656 n.2 (1982) (emphasis supplied).

■ Appellant was entitled to insist that the Commonwealth prove his guilt "by competent evidence in strict compliance with the law, unaffected by implication or innuendo flowing from collateral matters." *Commonwealth v. Steinberg*, 189 Pa.Super. 381, 385–386, 150 A.2d 131, 133 (1959). The Commonwealth, in the instant case, improperly sought to strengthen the impact of its evidence by collateral and irrelevant matters intended to persuade the jury that appellant was neither a caring husband nor an abstaining and reputable citizen. Neither was relevant to the crime charged.

The judgment of sentence is reversed, and the matter is remanded for a new trial.

CERCONE, President Judge, concurs in the result.