626 A.2d 150

**In the Interest of Gregory THOMAS.**

**Appeal of Gregory THOMAS.**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1992.

Decided June 2, 1993.

fore, would consider this instruction by the Commission to be directive and not mandatory.

---

John W. Packel, Chief, Appeals Div., Owen W. Larrabee, Asst. Defender, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., George S. Leone, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

On May 8, 1990, appellant Gregory Thomas was adjudicated delinquent of carrying a firearm without a license and carrying a firearm on public property in Philadelphia. Appellant was 16 years old at the time of the offenses, and the court ordered him to remain as committed to the Sleighton School, a juvenile commitment facility. Appellant filed post-verdict motions, which the court denied, and then filed a timely notice of appeal in the Superior Court. While his appeal was pending in the Superior Court, appellant escaped from the Sleighton School on June 22, 1990. The trial court then issued a bench warrant for appellant's arrest. Approximately four months after appellant's escape, the Commonwealth filed in the Superior Court an application to quash appellant's appeal pursuant to Pa.R.A.P. 1972(6).[1]

---

1. Rule 1972(6) provides that:

 Subject to Rule 123 (applications for relief), any party may move:
 (6) To continue generally or to quash because the appellant is a fugitive.

On November 25, 1990, appellant was arrested on new charges of carrying a prohibited weapon. Shortly thereafter, on December 3, 1990, appellant filed a motion to dismiss the Commonwealth's application to quash asserting that the factual basis for the application to quash no longer existed because appellant was now in custody.

On March 5, 1991, the Superior Court issued a *per curiam* order granting the motion to quash appellant's appeal. The Superior Court did not specify the grounds for granting the motion; however, the only basis for quashing the appeal advanced by the Commonwealth was appellant's escape from custody after appellate proceedings had commenced. On April 25, 1991, the Superior Court *per curiam* denied appellant's motion for reconsideration.

Appellant seeks review of the order of the Superior Court quashing his appeal from the adjudication of delinquency and commitment order entered by the Philadelphia Court of Common Pleas. The sole issue presented for our review is whether appellant, as a juvenile, forfeited his right to appellate review by virtue of his having been a fugitive from justice.

Appellant argues that his brief fugitive status during a non-critical stage of the appellate process does not justify the violation of his constitutional right of appeal. The right of appeal is guaranteed by Article 5, § 9 of our state constitution, which provides *inter alia:*

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court....

Pa. Const. Art. 5, § 9. However, this Court has held that "the right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Commonwealth v. Jones,*

Pa.R.A.P. 1972(6).

530 Pa. 536, 539, 610 A.2d 439, 440 (1992); *Commonwealth v. Passaro,* 504 Pa. 611, 614, 476 A.2d 346, 348 (1984); *see Commonwealth v. Coleman,* 458 Pa. 324, 327 A.2d 77 (1974) and *Commonwealth v. Wallace,* 427 Pa. 110, 233 A.2d 218 (1967).

This Court has held that one such consequence of a defendant's decision to become a fugitive during the appellate process is the forfeiture of his appellate rights. In *Passaro,* the defendant, like appellant here, escaped while his appeal was pending in Superior Court. In that case, the Superior Court granted the Commonwealth's motion to quash the appeal, and the defendant was later returned to custody. He filed a petition to reinstate his appeal, but the Superior Court denied it. The defendant then filed a similar petition in this Court. In denying the petition, this Court stated that:

... a defendant's resort to escape constitutes a flagrant and deliberate bypass of the entire judicial process. The escape of a convicted defendant from confinement may properly be considered a rejection of the legitimate means afforded the defendant for challenging his conviction and imprisonment. Thus, by choosing to flee and live as a fugitive, a defendant forfeits the right to have his claims considered.

*Id.* 504 Pa. at 615–616, 476 A.2d at 349.

Since our decision in *Passaro,* this Court has again and again held that a defendant forfeits his appellate rights by choosing to bypass proper judicial procedures and flee from justice. Most recently, this Court has reaffirmed *Passaro* in *Commonwealth v. Judge,* 530 Pa. 403, 609 A.2d 785 (1992) and *Commonwealth v. Jones,* 530 Pa. 536, 610 A.2d 439 (1992). In *Judge,* a capital defendant escaped two days after being sentenced to death and was never returned to custody in Pennsylvania. The defendant, nevertheless, filed a *pro se* notice of appeal while still a fugitive. This court stated that a defendant who chooses to escape from custody forfeits his right to appellate review and that "there is nothing in the broad language of [*Passaro* ] that limits its holding to a non-capital defendant." *Id.* 530 Pa. at 786, 609 A.2d at 786.

In *Jones*, the defendant fled during jury selection and was recaptured while his appeal was pending. On appeal, the Superior Court granted defendant a new trial. The Commonwealth then filed a petition for reargument, which the court granted. An *en banc* panel of the Superior Court *sua sponte* quashed the defendant's appeal because of his flight from justice. In affirming the decision of the *en banc* panel of the Superior Court, this Court held that:

> A defendant's voluntary escape acts as a per se forfeiture of his right of appeal, where the defendant is a fugitive at any time after post-trial proceedings commence. Such a forfeiture is irrevocable and continues despite the defendant's capture or voluntary return to custody.

*Id.* 530 Pa. at 540, 610 A.2d at 441. Thus, appellant herein has forfeited his right to appellate review by virtue of the fact that he escaped while his appeal was pending.

■ Appellant, however, argues that because he is a juvenile and the law adopts a protective posture with respect to juveniles, dealing with them as *parens patriae*, the appeal of a juvenile should not be dismissed under any circumstances. We disagree.

■ The Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, does not provide for a right of appeal. *In the Interest of McDonough*, 287 Pa.Super. 326, 332, 430 A.2d 308, 312 (1981). Thus, by failing to provide for a right of appeal or an appellate process in the Juvenile Act, the legislature has chosen not to shield juveniles from the consequences of their delinquent acts once the juveniles have been adjudicated.

■ Juveniles are, however, afforded a right of appeal by our state constitution. Article 5, § 9 provides *inter alia* that "there shall be a right of appeal from a court of record ... to an appellate court...." Pa. Const. Art. 5, § 9. The practice and procedure in appellate courts is governed by the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 103. Therefore, appeals from the Juvenile Court, which is a court of record, to the Superior Court, which is an appellate court, are

governed not by the Juvenile Act but by the Rules of Appellate Procedure.

Pursuant to Pa.R.A.P. 1972(6), an appeal may be quashed because the appellant is a fugitive. Rule 1972(6) makes no exception for juveniles. Consequently, our holding in *Jones* extends to juvenile defendants, making a juvenile defendant's voluntary escape a per se, irrevocable forfeiture of his right of appeal, where the juvenile defendant is a fugitive at any time after post-trial proceedings commence.[2]

We recognize the severity of such a consequence but nonetheless find that it is warranted in order to maintain the integrity of the appellate process and protect the public interest. These serious considerations do not turn on whether or not the defendant is a juvenile. Flight by juveniles, like their adult counterparts, imperils the ability of the Commonwealth to retry their cases, should that be necessary, because of the failing memories of witnesses, the unavailability or death of witnesses and the loss or deterioration of evidence. Additionally, flight by juvenile defendants is no less disruptive of the appellate process than flight by adult defendants. A fugitive juvenile is equally unresponsive to the appellate courts. Moreover, many juveniles are far from being docile offenders. They are increasingly sophisticated and responsible for a substantial number of violent crimes. Consequently, this Court will not allow a juvenile defendant, such as appellant, to flout the appellate process through his voluntary escape and then enjoy the benefit of his appeal upon his return to custody.

Accordingly, we affirm the order of the Superior Court quashing appellant's appeal.

**2.** We note that this Court has previously acknowledged that a juvenile's appellate rights may be dismissed due to his fugitive status. In *Passaro,* this Court cited *In the Interest of Dixon,* 282 Pa.Super. 189, 422 A.2d 892 (1980), which dismissed the appeal of a juvenile defendant who became a fugitive while his appeal was pending in Superior Court, to support its position that "[d]isposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law." *Id.* 504 Pa. at 615, 476 A.2d at 348.

MONTEMURO, J., did not participate in the consideration or decision of this case.

NIX, C.J., and ZAPPALA, J., concur in the result.

CAPPY, J., files a dissenting opinion.

CAPPY, dissenting.

I dissent for the same reasons as set forth in my dissenting opinion in *Commonwealth v. Jones*, 530 Pa. 536, 610 A.2d 439 (1992).