690 A.2d 175

**In the Interest of M.M.**

**Appeal of M.M.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1996.

Decided Feb. 19, 1997.

238

David Zuckerman, Philadelphia, for M.M.

Catherine Marshall, Joan Weiner, Philadelphia, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

Two issues are raised in this appeal. The first is whether an adjudication of delinquency in which the juvenile court maintains supervisory authority over the juvenile is a final order subject to appeal. The second issue is whether the trial court erred in preventing defense counsel from cross-examining an eyewitness as to whether he had been drinking prior to his observing the crime at issue. For the reasons stated herein, we affirm the order of the Superior Court.

The relevant facts are that on September 6, 1992, at 1:20 a.m., from the car in which he was a passenger, off-duty police officer Juan Perez observed a suspicious male standing in an alley beside a restaurant and bar located at the corner of Whitaker and Wyoming Streets in Philadelphia. The male appeared to the officer as if he were acting as a lookout. Officer Perez asked the driver of the car to circle the block and, upon returning to the same location, again observed the same male and two apparent companions holding bolt cutters and tampering with the lock on the cellar doors of the restaurant. When the three males looked in the direction of the vehicle in which Officer Perez was a passenger, they proceeded further into the rear of the same alley and began tampering with another lock on the side door of the restaurant. Officer Perez then flagged down a marked police car that was on routine patrol in the vicinity of the restaurant and

reported what he suspected to be a burglary attempt to the uniformed officers.

While Officer Perez was describing his observations to the uniformed officers, appellant and his two companions apparently observed the marked police car and immediately fled. Officer Perez pursued on foot and the uniformed officers pursued in their police vehicle. Appellant and his two companions jumped into a nearby waiting vehicle with an unknown driver behind the wheel who immediately began to pull away from the location. Officer Perez managed to reach the driver's side of this vehicle, whereupon he reached into the driver's window and attempted to remove the keys from the ignition while the vehicle was still in motion. He was unsuccessful in this effort, but he continued to hold onto the door handle of the moving vehicle until the driver hit two parked cars, at which time Officer Perez fell from the vehicle. The uniformed officers in the patrol car then continued to pursue the fleeing vehicle. Officer Perez returned to the scene and retrieved the bolt cutters. Meanwhile, the uniformed officers pursued the vehicle in question until it eventually came to a halt, at which time four males exited the vehicle and fled with the officers in pursuit on foot. As a result of the description of the four perpetrators broadcast over the police radio band by the pursuing uniformed officers, appellant was arrested by another police officer and was returned to the scene of the crime. Appellant was then positively identified by Officer Perez as one of the individuals he had observed tampering with the locks of the restaurant.

Appellant, who was a juvenile at the time, was charged with attempted burglary,[1] criminal conspiracy,[2] aggravated assault,[3] simple assault,[4] possession of an instrument of crime,[5] recklessly endangering another person,[6] resisting arrest[7] and

1. 18 Pa.C.S. § 3502.
2. 18 Pa.C.S. § 903.
3. 18 Pa.C.S. § 2702.
4. 18 Pa.C.S. § 2701.
5. 18 Pa.C.S. § 907.
6. 18 Pa.C.S. § 2705.
7. 18 Pa.C.S. § 5104.

criminal trespass.[8] Following a hearing in the Philadelphia Family Court, appellant was found guilty of attempted burglary, criminal conspiracy and possession of an instrument of crime.[9] The trial court adjudicated appellant delinquent and placed him on intensive drug and alcohol probation subject to review in sixty days. On appeal, a divided *en banc* Superior Court affirmed.[10] We granted allocatur in order to review the two issues raised since the Superior Court has been unable to reach a consensus on either.

■ The first question raised on appeal is whether the order placing appellant on probation subject to a sixty day review is a final appealable order. The Superior Court *sua sponte* raised the issue of the finality of the probation order in this matter in order to address concerns arising out of its decision in *In the Interest of K.B.*, 432 Pa.Super. 586, 639 A.2d 798 (1994), *alloc. denied*, 540 Pa. 613, 656 A.2d 118 (1995), in which a juvenile was adjudicated delinquent and placed on "temporary" intensive drug and alcohol probation pending a review in sixty days. A panel of the Superior Court in that case interpreted that order as an evaluative disposition to determine whether the juvenile was amenable to rehabilitation, which it held was not a final order and, therefore, not appealable. The *en banc* court in the present case determined, however, that the order in this case was distinguishable on the basis that the trial court did not describe appellant's probation as "temporary," and that, therefore, the probationary order was final and appealable.

8. 18 Pa.C.S. § 3503.

9. The trial court sustained a demurrer on the charge of criminal trespass and found appellant not guilty of the remaining charges.

10. The opinion in support of affirmance was authored by Cirillo, J., and joined by three other judges. The opinion in support of reversal was authored by Kelly, J., and joined by three other judges, one of whom, Beck, J., also authored a separate dissent. Rowley, P.J., concurred in the result. The court was divided both on the issue of the scope of cross-examination and the applicability of *In the Interest of K.B.*, 432 Pa.Super. 586, 639 A.2d 798 (1994), *alloc. denied*, 540 Pa. 613, 656 A.2d 118 (1995).

242

 Notwithstanding the reasoning of the Superior Court in *In the Interest of K.B.*, an order placing a criminal defendant on probation is an appealable order, regardless of whether the defendant is an adult or a juvenile. *Commonwealth v. Nicely*, 536 Pa. 144, 151, 638 A.2d 213, 216 (1994) (an order placing an adult defendant on probation is immediately appealable); *Commonwealth v. Croft*, 445 Pa. 579, 582, 285 A.2d 118, 120 (1971) (an order of the juvenile court placing a juvenile on probation is a final order). A juvenile has a right to appeal, which is governed by the Rules of Appellate Procedure. *In the Interest of Thomas*, 533 Pa. 572, 577, 626 A.2d 150, 153 (1993). Failure to appeal in a timely manner from a probation order results in waiver of the right to appeal any issues arising from the trial which resulted in the probation order. *Commonwealth v. Gilmore*, 465 Pa. 202, 205, 348 A.2d 425, 427 (1975). The Juvenile Act expressly provides that placement of a juvenile on probation subjects the juvenile to ongoing court supervision and conditions. 42 Pa.C.S. § 6352(a)(2) (providing for placement of a delinquent child on probation under court supervision, subject to conditions). Therefore, by its very nature, any sentence of probation is "temporary," and a trial court's characterization of a probation order as "temporary" constitutes mere surplusage. If a trial court wishes to supervise a juvenile for a period of time prior to entering a final order, the Juvenile Act provides several alternatives by which to do so, including informal adjustment, 42 Pa.C.S. § 6323 (providing for a maximum of nine months' supervision by a probation officer prior to filing a petition to have a juvenile adjudicated delinquent); consent decrees, 42 Pa.C.S. § 6340 (providing for up to one year of supervision by a probation officer after the filing of a petition but prior to an adjudication of delinquency); and continuation of disposition hearings, 42 Pa.C.S. § 6341(e) (allowing a court to continue a disposition hearing for a "reasonable period to receive reports and other evidence bearing on the disposition or the need for treatment, supervision or rehabilitation"). To the extent that *In the Interest of K.B.* holds that a sentence of probation is not a final order, it was wrongly decided and is expressly overruled.

■ With respect to the second issue, appellant contends that the trial court improperly restricted cross-examination by preventing defense counsel from asking Officer Perez on cross-examination if he had been drinking prior to observing the attempted burglary. A trial court has broad discretion to limit the scope of cross-examination, and rulings doing so will not be reversed absent a showing that the court abused that discretion. *Commonwealth v. Birch*, 532 Pa. 563, 566, 616 A.2d 977, 978 (1992).

■ While a witness may be cross-examined as to whether he was intoxicated at the time of an occurrence to which he has testified, there must be, at a minimum, some factual basis upon which to conclude or to suspect that the witness was intoxicated before questions regarding alcohol consumption are permissible. *Commonwealth v. Drew*, 500 Pa. 585, 591, 459 A.2d 318, 321–22 (1983) (questions regarding defendant's alcohol consumption on the evening of the crime are admissible where prior testimony had established that defendant had been drinking and playing cards for seven hours prior to the crime and where defendant's blood alcohol content at the time of arrest was .18). While evidence of intoxication may be admissible to challenge a witness' ability to perceive the events to which he is testifying, evidence that the witness was simply drinking prior to the observations is not. *Commonwealth v. McGuire*, 302 Pa.Super. 226, 233, 448 A.2d 609, 613 (1982); *see also Morreale v. Prince*, 436 Pa. 51, 53, 258 A.2d 508, 508–09 (1969) (evidence of drinking is prejudicial in automobile negligence action; only evidence of intoxication permitted).

In the present case there was no evidence that Officer Perez was intoxicated. However, appellant relies on three factors which he asserts provide an adequate factual basis to support an inference of intoxication. First, appellant asserts that Officer Perez described the lookout as a dark Hispanic male while the officer who apprehended that suspect identified the same person as a black male. However, nothing in the record indicates that it was Officer Perez who was mistaken in the

race of the lookout.[11] Second, appellant emphasizes a discrepancy in Officer Perez's testimony that he believed that two of the suspects who were apprehended were returned to the scene of the crime for identification at the same time, while the officers who apprehended those suspects testified that they did not recall seeing any other suspects at the time of the respective identifications. Finally, appellant relies heavily on the fact that the officer was a passenger being driven home in a vehicle at 1:20 a.m. on a Saturday night going into Sunday morning.

▆▆ Minor inconsistencies between Officer Perez's testimony and that of two other witnesses combined with the additional fact that the officer received a ride home with a friend in the early morning hours on a weekend do not create a sufficient factual basis for questioning regarding the witness' intoxication. *See, e.g., Drew, supra; In Interest of Wright,* 265 Pa.Super. 278, 288, 401 A.2d 1209, 1214 (1979) (court should have allowed questions regarding intoxication to impeach credibility where testimony on direct examination established that witness had been drinking); *Commonwealth v. Dreibelbis,* 217 Pa.Super. 257, 259–60, 269 A.2d 387, 388–89 (1970) (cross-examination on drug usage permitted where defense had received statement given by witness to police in which eyewitness stated that he was under the influence of drugs at the time of the crime).

Here, appellant did not establish a sufficient factual basis which would allow him to pursue his desired line of questioning of whether or not Officer Perez was intoxicated at the time in question, nor has he identified any grounds upon which to justify an inference of intoxication. Given the lack of evidence of intoxication, the trial court did not abuse its discretion in refusing to allow defense counsel to cross-examine Officer

11. The male in question was not further identified at trial, nor was any evidence presented in order to establish a correct racial description. The conflicting descriptions were given at the adjudication hearing, and neither witness was asked about the inconsistencies. Officer Perez did not provide any description of appellant on the night of the crime. The radio description which led to appellant's apprehension was given by one of the uniformed officers on the scene.

Perez as to whether he had been drinking on the evening in question.

For the foregoing reasons, the order of the Superior Court affirming the order of the family court is affirmed.

NIX, Former C.J., did not participate in the decision of this case.

ZAPPALA, J., files a concurring opinion.

NIGRO, J., files a concurring and dissenting opinion in which NEWMAN, J., joins.

ZAPPALA, Justice, concurring.

I agree with the majority that the order adjudicating M.M. delinquent and imposing probation is properly characterized as a final, appealable order and that *In the Interest of K.B.*, 432 Pa.Super. 586, 639 A.2d 798 (1994) must be overruled. This ruling, however, presents a practical problem with respect to the status of the case in the common pleas court while an appeal from such an order is pending. The general rule stated in Pa.R.A.P. 1701(a), is that "after an appeal is taken ... a trial court may ... no longer proceed further in the matter." At the very least, it is far from clear that any of the exceptions to this rule would apply to allow the court to "proceed further" and modify the probation order so long as the appeal was pending, thus rendering the sixty day review of no effect. Hence, I believe the Court should clarify the application of the appellate rules in this context by specifically allowing the court to modify a disposition while an appeal from an adjudication of delinquency is pending.

NIGRO, Justice, concurring and dissenting.

I agree with the Majority that the order placing Appellant on drug and alcohol probation was appealable as a final order.

However, the Majority also concludes that the trial court did not abuse its discretion in preventing defense counsel from cross-examining Officer Perez on whether he had consumed

alcohol prior to observing the events in question. On this issue, I respectfully dissent.

"On cross-examination, a witness may be impeached to show the witness' bias, dishonesty, or defects in his ability to observe, remember or recount the matter about which he has testified." *Commonwealth v. Gwaltney,* 497 Pa. 505, 515, 442 A.2d 236, 241 (1982) (citing *Commonwealth v. Hamm,* 474 Pa. 487, 378 A.2d 1219 (1977)).

[Q]uestions pertaining to the use of drugs or alcohol are proper when asked 'for the purpose of attacking the credibility of the witness by showing that at the time of the event to which he testified his powers of observation and memory were impaired, so that his recollection and account of the experience might be inaccurate.' *Commonwealth v. Duffy,* 238 Pa.Super. 161, 173, 353 A.2d 50, 57 (1975), *allocatur denied, quoting Commonwealth v. Dreibelbis,* 217 Pa.Super. 257, 261, 269 A.2d 387, 389 (1970).

*Commonwealth v. Perdue,* 387 Pa.Super. 473, 486, 564 A.2d 489, 495 (1989), *appeal denied,* 524 Pa. 627, 574 A.2d 68 (1990).

The Commonwealth's case herein rested solely on Perez's identification of Appellant as one of the participants in the attempted burglary. When the identification of a defendant is made by the sole eyewitness to the events in question, "the opportunity to impeach [the] witness is particularly important [because] the determination of [the] defendant's guilt or innocence depends on the credibility of the questioned witness." *Commonwealth v. Mullins,* 445 Pa.Super. 583, 589, 665 A.2d 1275, 1278 (1995) (citing *Commonwealth v. Birch,* 532 Pa. 563, 566, 616 A.2d 977, 978 (1992)).

Perez testified at the hearing that he had observed one dark Hispanic male and two white males attempting to break into the tavern. *See* N.T. at 12, 19. However, after the subsequent chase, Officer Broadbent apprehended a suspect that he described as a black male. Perez later identified this man as one of the burglars. There is nothing in the record to explain this inconsistency.

Moreover, Perez testified that he identified Appellant and the second suspect simultaneously after the arresting officers returned them to the crime scene at the same time. *See id.* at 35. Officer Broadbent, however, testified that he took only the black or dark Hispanic suspect into custody and returned him to the tavern alone. Officer Broadbent further stated that there was no other suspect at the scene when he arrived and, although he was present for a period of "minutes," that no suspect was brought there during that time. *See id.* at 41–42. Likewise, Officer Campbell testified that he took only Appellant into custody and that he saw no other suspects at the scene when he returned and that none arrived while he was there. *See id.* at 46–47.

Further, Appellant presented the alibi testimony of three of his neighbors who testified as to their knowledge of his whereabouts at the time of the attempted burglary.

The validity of Perez's identification of Appellant was clearly the central issue in this case. Given the conflicts between his version of events at the crime scene and that of the arresting officers, and in light of the alibi evidence, it was reasonable for Appellant's counsel to want to inquire into whether Perez's powers of observation were in any way impaired at the time he witnessed the events in question. Evidence of any such impairment, of whatever origin, would be highly relevant to the issue of identification.[1] And, since Perez was off-duty at the time of the burglary, and was returning home late on a Saturday night, it was not unreasonable for counsel to believe that a line of questioning on possible consumption of alcohol was appropriate.

I believe Appellant's counsel was entitled to pursue that line of questioning. *See Commonwealth v. Drew,* 500 Pa. 585, 590, 459 A.2d 318, 321 (1983); *Commonwealth v. Gwaltney,* 497 Pa. 505, 515, 442 A.2d 236, 241 (1982) (citing *Commonwealth v.*

---

1. "Any deficiency of the senses, such as deafness, or color blindness or defect of other senses which would substantially lessen the ability to perceive the facts which the witness purports to have observed, should ... be provable to attack the credibility of the witness ... upon cross-examination." *Commonwealth v. Drew,* 500 Pa. 585, 590, 459 A.2d 318, 321 (1983) (quoting McCormick, Evidence § 45 (2d ed. 1972)).

*Hamm,* 474 Pa. 487, 378 A.2d 1219 (1977)); *Commonwealth v. Mullins,* 445 Pa.Super. 583, 589, 665 A.2d 1275, 1278 (1995) (citing *Commonwealth v. Birch,* 532 Pa. 563, 566, 616 A.2d 977, 978 (1992)); *Commonwealth v. Perdue,* 387 Pa.Super. 473, 486, 564 A.2d 489, 495 (1989), *appeal denied,* 524 Pa. 627, 574 A.2d 68 (1990). I am thus in agreement with Judge Beck, who dissented below, concluding that the trial court should have allowed preliminary questioning on alcohol consumption to enable Appellant to challenge Perez's ability to observe.[2] If the responses to those initial questions established a basis to continue the inquiry, the court should have allowed it. If the converse was true, the court could simply have ended the questioning at that point. By denying Appellant's counsel the opportunity to explore the issue, the trial court precluded the possible introduction of information highly relevant to the critical issue in the case. In doing so, I believe the court abused its discretion and prejudiced Appellant.

I must, therefore, dissent.

NEWMAN, J., joins in this concurring and dissenting opinion.

---

**2.** *See In the Interest of M.M.,* 439 Pa.Super. 307, 337, 653 A.2d 1271, 1286 (1995) (Beck, J., dissenting). Judge Kelly also filed a dissent, which was joined by Judges Weiand, McEwen, and Beck.