J-S40015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2770 EDA 2023 |

Appeal from the Order Entered October 26, 2023
In the Court of Common Pleas of Montgomery County
Juvenile Division at No: CP-46-JV-0000569-2023

| | | |
|---|---|---|
| IN THE INTEREST OF: J.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2771 EDA 2023 |

Appeal from the Order Entered October 26, 2023
In the Court of Common Pleas of Montgomery County
Juvenile Division at No: CP-46-JV-0000570-2023

| | | |
|---|---|---|
| IN THE INTEREST OF: J.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2772 EDA 2023 |

Appeal from the Order Entered October 26, 2023
In the Court of Common Pleas of Montgomery County
Juvenile Division at No: CP-46-JV-0000613-2023

| | | |
|---|---|---|
| IN THE INTEREST OF: J.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
|---|---|---|
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2773 EDA 2023 |

Appeal from the Order Entered October 26, 2023
In the Court of Common Pleas of Montgomery County
Juvenile Division at No: CP-46-JV-0000815-2023

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED MAY 7, 2025**

The Commonwealth appeals from the October 26, 2023, orders dismissing without prejudice its case against J.T., a juvenile who was previously declared incompetent to stand trial and who has not yet regained competency. We quash.

Before we delve into the procedural history at the four dockets pending before us, we note that J.T. was deemed incompetent to proceed on two Unrelated Petitions (the "Unrelated Petitions") pending against him prior to the filing of the petitions involved in this appeal. In specific, J.T. was deemed incompetent to proceed to adjudication in a June 20, 2023 competency evaluation conducted by a court-appointed evaluator. The Commonwealth conceded J.T.'s incompetency to proceed on the Unrelated Petitions but asked that the petitions be dismissed without prejudice to refile. The juvenile court, Judge Garrett D. Page, nonetheless dismissed the Unrelated Petitions with prejudice by order of July 12, 2023. The Commonwealth did not appeal.

- 2 -

The appeal currently pending at 2770 EDA 2023 (from Montgomery County juvenile docket number 569 of 2023) (hereinafter "569"), arises from J.T.'s alleged assault, on July 18, 2023, of an employee of the Montgomery County Youth Center ("MCYC"). The appeal at number 2771 EDA 2023 (from Montgomery County juvenile docket number 570 of 2023) (hereinafter "petition 570") arises from allegations that J.T., while in a courtroom on July 20, 2023, tried to take a Montgomery County Deputy Sheriff's gun from his gun belt. The Commonwealth filed its petitions in 569 and 570 on July 26, 2023, and the juvenile court, Judge Joseph A. Smyth, held a detention hearing on these two matters on July 27, 2023, just over two weeks after the previous petitions were dismissed with prejudice. J.T.'s counsel argued for the dismissal of the new petitions at 569 and 570 on the same basis—that he was not competent to proceed. The Commonwealth requested that J.T. be made available for evaluation by an independent evaluator and Judge Smyth agreed, ordering J.T. to remain in detention pending further evaluation of his competency to proceed.

On August 1, 2023, the Commonwealth filed petition number 613 of 2023 against J.T. (hereinafter "petition 613" and presently before us at number 2772 EDA 2023), in which the Commonwealth alleged that J.T. set off a fire alarm at MCYC and assaulted MCYC staff. At an August 7, 2023, status hearing before Judge Page, the court addressed J.T.'s motion to preclude the Commonwealth from contesting J.T.'s competency, arguing that the

- 3 -

Commonwealth was estopped from doing so because of its concession of J.T.'s incompetence, just weeks prior, in connection with the Unrelated Petitions. The Commonwealth countered that the coordinate jurisdiction rule forbade Judge Page to overturn Judge Smyth's June 27, 2023, order directing that J.T. be made available for another competency evaluation. The Commonwealth also noted that J.T.'s continued behavior—including his grabbing for a sheriff's service handgun—was serious and thus required new petitions and therefore further evaluation of J.T.'s ability to proceed to adjudication. Judge Page took the matter under advisement. At an August 14, 2023, status hearing, personnel from MCYC testified that J.T. was improving but that there are still no treatment programs willing to accept him. N.T. Status Hearing, 8/14/23, at 11-14.

On October 22, 2023, the Commonwealth filed petition 815 of 2023 (hereinafter "petition 815" and presently before us at number 2773 EDA 2023), alleging that J.T. again assaulted MCYC staff. At an October 26, 2023, detention hearing, Judge Page once again refused to permit another competency evaluation. Of significance was the fact that, per the June 20, 2023, competency evaluation in connection with the Unrelated Petitions, J.T. suffers from neurodevelopmental delays and therefore his road to regaining competency is likely to be lengthy. N.T. Hearing, 10/26/23, at 36-37. At the conclusion of that hearing, Judge Page entered the order on appeal, dismissing all four petitions without prejudice.

Before we address the merits, we must determine whether the order before us is final and appealable. In general, this Court hears appeals only from final orders. Pa.R.A.P. 341. A final order is one that disposes of all claims and parties. Pa.R.A.P. 341(b). In a juvenile proceeding the final appealable order is the order of disposition. *In re S.F.*, 912 A.2d 887, 889 (Pa. Super. 2006) (*citing* 42 Pa.C.S.A. § 6352). "[I]n juvenile proceedings we have consistently held that an order is interlocutory until a final disposition has been made and the proper form of treatment, rehabilitation, and supervision has been determined." *In re K.B.*, 639 A.2d 798, 800 (Pa. Super. 1994), *overruled in part by In re M.M.*, 690 A.2d 175 (Pa. 1997).

The order before us, by its own terms, dismissed the juvenile petitions without prejudice. The Commonwealth argues that in deeming the dismissal to be without prejudice, the juvenile court elevated form over substance because the juvenile court cited 50 P.S. § 7403(e):

> **(e) Resumption of Proceedings or Dismissal.--**When the court, on its own motion or upon the application of the attorney for the Commonwealth or counsel for the defendant, determines that such person has regained his competence to proceed, the proceedings shall be resumed. If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged.

50 P.S. § 7403(e). Given that § 7403(e) authorizes dismissal where the passage of time and its effect on the proceedings would render resumption of the prosecution unjust, the Commonwealth argues that it cannot ethically proceed on these petitions any further, and therefore the order is final. The

- 5 -

Commonwealth also notes the juvenile court's determination in this case that it was estopped from arguing for J.T.'s competency to proceed, given its recent concession in connection with the Unrelated Petitions, that J.T. was not competent.

We find the juvenile court's reliance on estoppel curious, given that an accused's competency to proceed, by the juvenile court's own concession, "can change over time and is fluid[.]" Juvenile Court Opinion, 12/8/23, at 6. Likewise, we find it curious that the juvenile court cited § 7403(e) and then dismissed the petitions without prejudice. In effect, the juvenile court's order functions as a stay of these proceedings pursuant to § 7403(a) and § 7403(b),[1] based on a finding of J.T.'s incompetence that occurred just before the first two of the instant petitions were filed. Nonetheless, the record before us makes plain that the Commonwealth is not precluded from resuming the

_____

[1] Those sections provide:

> (a) Competency Determination and Burden of Proof.--Except for an incompetency examination ordered by the court on its own motion as provided for in section [50 P.S. § 7402(d)] the individual making an application to the court for an order directing an incompetency examination shall have the burden of establishing incompetency to proceed by a preponderance of the evidence. The determination shall be made by the court.

> (b) Effect as Stay--Exception.--A determination of incompetency to proceed shall effect a stay of the prosecution for so long as such incapacity persists, excepting that any legal objections suitable for determination prior to trial and without the personal participation of the person charged may be raised and decided in the interim.

50 P.S. § 7403(a), (b).

underlying petitions, if and when J.T. regains competence (as noted above, the juvenile court found him to be incompetent once again in petition 834, which was filed after orders on appeal). The juvenile court wrote as much in its opinion: "The court never ruled that the competency issue could never be revisited. In fact, the court recently ordered another competency evaluation on the most recent petition." *Id.* at 10. The "most recent petition" the juvenile court referenced was Montgomery County juvenile petition 834 of 2023 (hereinafter "petition 834"), filed shortly **after** the Commonwealth filed the appeals presently before us. The record reflects that Judge Page ordered another competency evaluation in connection with petition 834. On November 26, 2023, J.T. was once again deemed incompetent to proceed to adjudication. Petition 834 also was dismissed without prejudice.

Because the record and the juvenile court's opinion demonstrate that the Commonwealth is free to resume action on the underlying petitions if and when J.T. regains competency, the juvenile court's dismissal of the petitions without prejudice is not a final appealable order, and the Commonwealth is free to proceed further if and when J.T. is deemed competent to proceed.[2] We therefore quash this appeal.

Appeal quashed.

---

[2] Should further proceedings happen, we encourage diligent adherence to the Juvenile Act (42 Pa.C.S.A. § 6301, *et. seq.*) and the Mental Health Procedures Act (50 P.S. § 7101, *et. seq.*) insofar as they apply to a juvenile who has been declared incompetent and may or may not regain competence.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2025