680 A.2d 893

Mary DiFELICEANTONIO, Executrix of the Estate of Serafino Difeliceantonio, Deceased, and Widow in her own right, Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC., Cleaver Brooks, Columbia Boiler Co. of Pottstown, H.K. Porter Company, Inc., Hajoca Plumbing Company, J.H. France Refractories Co., Nosroc Corporation, Pecora Corporation, Peerless Industries, Inc., Penn Crete Products, Pittsburgh–Corning Corporation, Pre Blend Products York Industries, Inc.

Joseph G. KEENAN and Marian Keenan, H/W, Appellants,

v.

ACANDS, INC., American Ceiling, Inc., Cleaver Brooks, Columbia Boiler Co. of Pottstown, General Refractories Company, H.K. Porter Company, Inc., Hajoca Plumbing Company, J.H. France Refractories Co., Melrath Gasket Inc., Nosroc Corporation, Pecora Corporation, Pittsburgh–Corning Corporation, York–Shipley, Inc., Manville Corporation Asbestos Disease Compensation Fund, Eagle–Picher Industries Inc., Celotex Corporation, Dana Corporation, Rock Wool Insulating Co., Inc., York Industries.

Superior Court of Pennsylvania.

Argued June 18, 1996.

Filed July 19, 1996.

534

Eliot B. Present, Philadelphia, for appellants.

Edward Curtin, Jr., Philadelphia, for appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

In January of 1995, the damages phase of a reverse-bifurcated asbestos case was tried in the Philadelphia Court of Common Pleas. Following a seven-day trial, the jury returned a verdict in favor of defendant/appellee Pecora Corporation [1] and against plaintiffs/appellants Mary DiFeliceantonio, executrix of the estate of Serafino DiFeliceantonio and widow in her own right, and Joseph and Marian Keenan, husband and wife. The jury found, by way of special interrogatories, that appellants did not suffer from an asbestos-related disease or injury. This appeal followed the denial of appellants' post-trial motions and the subsequent entry of judgment in appellee's favor.

■ Appellants first argue that the trial court erred in refusing to grant challenges for cause as to two prospective jurors. In completing standard jury questionnaires, prospective jurors No. 207 and No. 673 answered the following question in the affirmative:

> 21. In a civil case, would you have any problem following the Court's instruction to award money for damages for things like pain and suffering, loss of life's pleasures, etc., although it is difficult to put a dollar figure on them?

R.R. at 31, 33. During subsequent voir dire questioning, however, both prospective jurors explained and then modified

---

1. Appellee Pecora Corporation is the sole remaining defendant who has not either settled or filed for bankruptcy.

their answers to this question. Prospective juror No. 207 explained her problem with certain damage awards and ultimately stated that she "probably could" follow the judge's instructions if she were sitting on a jury. R.R. at 25. Similarly, prospective juror No. 673 explained her answer and then noted that she "would try" to follow the court's instructions on any damages issue. R.R. at 27. While appellants later dismissed these two prospective jurors with peremptory challenges, they still claim that the trial court abused its discretion in denying the challenges for cause.

 The purpose of voir dire is to "ensure the empaneling of a fair and impartial jury capable of following the instructions on the law as provided by the trial court." *Commonwealth v. Paolello,* 542 Pa. 47, 69, 665 A.2d 439, 450 (1995). In conducting the voir dire process, it is important to recognize the human element inherent in our jury system. As our Supreme Court stated:

> The law recognizes that it would be unrealistic to expect jurors to be free from all prejudices, a failing common to all human beings. We can only attempt to have them put aside those prejudices in the performance of their duty.... We therefore do not expect a tabula rasa but merely a mind sufficiently conscious of its sworn responsibility and willing to attempt to reach a decision solely on the facts presented, assiduously avoiding the influences of irrelevant factors.

*Commonwealth v. Johnson,* 452 Pa. 130, 136, 305 A.2d 5, 8 (1973). Thus, the trial court's review of a challenge for cause is not a wide-ranging inquiry into a potential juror's personal beliefs and moral standards, but rather is a focused probe into that juror's ability to render a verdict that is "fair, just, and in accordance with the testimony presented." *Id.* at 137, 305 A.2d at 9. Once a trial court renders a decision in the voir dire process, we will not reverse that decision on appeal absent a palpable error. *Commonwealth v. Proctor,* 526 Pa. 246, 257–59, 585 A.2d 454, 460 (1991).

Instantly, the trial court was satisfied that prospective jurors No. 207 and No. 673 could put aside any personal feelings they might have about damage awards and apply the

law as given to them. Both prospective jurors were candid about their beliefs, and both ultimately demonstrated a willingness to try to put these personal beliefs aside and apply the law as provided by the judge. When No. 207 indicated that she "probably could" follow the judge's instructions and No. 673 stated that she "would try" to follow the instructions, they both demonstrated that they understood the importance of applying the given law without partiality or prejudice. Under these circumstances, we cannot conclude that the trial court palpably erred in finding that prospective jurors No. 207 and No. 673 were capable of rendering a fair and impartial decision. *See Proctor, supra.* We therefore reject appellants' first claim.

■ Appellants also assert that the trial court erred in sending the jury out to deliberate at 4:50 p.m. on a Friday. As the trial court noted, this argument requires us to assume, without any supporting evidence, that the jury abandoned its sworn duty to render a verdict based on the evidence simply because it was late in the afternoon. We are not willing to make such an assumption. Since appellants cannot point to anything of record to even suggest that the jury's verdict was based on fatigue or slothfulness, we must reject this claim of error. *See Commonwealth v. Moore,* 398 Pa. 198, 205–07, 157 A.2d 65, 70 (1959) (refusing to find error in sending jury to deliberate at 7:08 p.m. and allowing them to continue until 6:08 a.m. without "anything of record to indicate that the instant verdict was reached because of the jurors' desire for rest and sleep or fatigue.").

Affirmed.