## Szczypta v. Herco Inc.

C.P. of Dauphin County, no. 979 S 1995.

*Timothy A. Shollenberger,* for plaintiff.
*Harvey Freedenburg,* for defendant.

HOOVER, *J.*, August 31, 1999—This action was commenced by a complaint that was filed on March 10, 1995. The complaint alleged that on June 13, 1993, the defendant, who was acting as an agent of Herco at the time of the accident, struck the rear of a vehicle driven by the plaintiff. The plaintiff alleged that she received injuries to her right shoulder, that she suffered myofascial pain syndrome and chronic regional pain syndrome. Liability was admitted and the plaintiff's claim for noneconomic damages was governed by the limited tort option which provides that she had to prove a serious impairment of body function in order to recover these damages. Trial commenced on January 25, 1999 and the jury returned a verdict in favor of the plaintiff in the amount of $29,768. The jury concluded that the plaintiff did not suffer a serious impairment of bodily function and the plaintiff's recovery was limited to economic damages. Post-trial motions were filed on behalf of the plaintiff and this matter is now before the court for disposition.

The plaintiff argues that the court erred in refusing the plaintiff's request to question the jury regarding their election of tort options under the Pennsylvania Motor Vehicle Financial Responsibility Law. The plaintiff contends that perhaps a juror's philosophy concerning the propriety of lawsuits can be ascertained by their selection of tort options. For example, a person who selected the limited tort option could believe perhaps that people do not have a right to sue for noneconomic damages such as pain and suffering. A person who chooses full tort could perhaps believe that those who opt not to pay the extra premium for full tort coverage should not then be able to recover under any circumstances noneconomic

losses. The plaintiff wanted to ask the prospective jurors about their personal tort option selection to gain an insight as to their propensity to award a plaintiff who selected the limited tort option damages.

The court did not permit the plaintiff to ask these questions because there is no basis for the plaintiff's theories concerning the significance of the tort option selection as it relates to the jurors' propensity to award damages. The plaintiff was not precluded from asking the prospective jurors about their possible bias concerning the recovery of noneconomic damages. We are reminded that "[t]he purpose of voir dire is to 'ensure the empaneling of a fair and impartial jury [that is] capable of following the [court's] instructions on the law as provided by the trial court.'" See *DiFeliceantonio v. Armstrong World Industries,* 451 Pa. Super. 533, 536, 680 A.2d 893, 895 (1996). This line of questioning would have added nothing to the quest for a jury that could follow the court's instructions on the law and render a fair and impartial verdict. Accordingly, the court did not err in failing to permit this line of inquiry.

The plaintiff next contends that the court erred in refusing the plaintiff's request to ask the prospective jury panel the questions found in Pennsylvania Rule of Civil Procedure 220.1(a)(1)-(16) with a printed jury questionnaire. The plaintiff indicates that she was prejudiced because the amount of the medical bills that was awarded was exactly 80 percent of the total amount claimed by the plaintiff. The plaintiff argues that this is significant since under the Motor Vehicle Financial Responsibility Act, the amount of the medical bills is reduced to 80 percent and this also is the amount generally paid by

Blue Cross/Blue Shield to participating providers. This suggests to the plaintiff that someone on the jury was familiar with insurance practice and that the questions on the questionnaire would have identified prospective jurors with this kind of insurance knowledge.

This argument is without merit as well. The court's denial of the request to use this questionnaire did, in no way, prohibit the plaintiff from asking the prospective jurors whether they or their family members had any experience with insurance. The plaintiff's theory that the award of 80 percent of the medical bills meant that a member of the jury had to be familiar with insurance practices is highly speculative.

The plaintiff next contends that the court erred in denying her request that the issues of substantial factor and serious impairment of bodily function be combined. The plaintiff reasoned that since the defendant presented no evidence on the issue of serious impairment of bodily function, the issue was really whether the negligence was a substantial factor in causing her injuries. The plaintiff argues that the defendant's theory was that there was no injury caused by the accident. The jury found that the negligence caused the plaintiff injury and since the defendant chose not to present any evidence on the serious impairment of bodily function, the plaintiff argues that the court should have directed a verdict in her favor on this issue. The plaintiff argues that a new trial is warranted as a result.

We find that this argument is without merit as well. The plaintiff had the burden of proof to prove two separate things by a preponderance of the evidence: that the negligence was a substantial factor in causing her inju-

ries and that she suffered serious impairment of a bodily function. The defendant did not have the burden of proof on either of these issues and did not have to present any evidence. The jury determined that the negligence was a substantial factor in causing the plaintiff's injuries but they determined that the plaintiff did not prove by a preponderance of the evidence that she sustained serious impairment of a body function as a result. These were two separate inquiries and we instructed the jury that these were two separate inquiries and that their only connection was that they did not have to answer the question concerning the serious impairment of a body function if they determined that the negligence was not a substantial factor in causing the injuries. There is a difference in the proof required between showing that an injury occurred and showing that the plaintiff suffered a serious injury such that a body function has been seriously impaired. See *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998). Therefore, this argument is without merit.

The plaintiff next contends that the court should set aside the verdict because it was so against the weight of the evidence as to shock one's sense of justice. "A new trial [should] be granted on the grounds that the verdict is against the weight of the evidence 'only where the verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. . . .'" *Watson v. American Home Assurance Company,* 454 Pa. Super. 293, 302, 685 A.2d 194, 198 (1996). A new trial is not warranted where the evidence is conflicting and the jury could have decided either way. *Id.* We find that this argument is without merit. It is within

the province of the jury to assess the credibility of witnesses, both lay and expert, and the jury is free to assess whatever weight it chooses to the testimony of the witnesses. There was ample evidence to support the jury's conclusion that the plaintiff suffered an injury as the result of the defendant's negligence but that this injury did not result in the serious impairment of a body function. In fact, the plaintiff testified that she was told that her rehabilitation potential was good. (N.T. 82.) The plaintiff in fact cancelled a number of appointments with her physical therapist and she was finally discharged from treatment since she failed to show up for many of her appointments. (N.T. 82-86.) The plaintiff stated that she missed only a few days of work because of the injuries suffered in this accident. (N.T. 74-75.) There was sufficient basis for the jury to have concluded that although she was injured as a result of this accident, these injuries did not result in the serious impairment of body function. Dr. Kothari testified that based on his examination of the plaintiff and on his review of the case, he found no objective evidence to support her subjective complaints. (N.T. 30 Kothari deposition.) He stated that he disagreed with a lot of the diagnoses that she had been given in the past. (N.T. 30 Kothari deposition.) He did not find any evidence to support the diagnoses given to the plaintiff by her various doctors. (N.T. 32 Kothari deposition.) He determined that the plaintiff would not benefit from any further treatment. (N.T. 32 Kothari deposition.) Finally, Dr. Kothari offered the expert opinion that based on a reasonable degree of medical certainty that the plaintiff did not suffer any serious impairment of bodily function. (N.T. 32-33 Kothari deposition.) The plaintiff's

claim that the evidence on the issue of serious impairment of body function was uncontradicted was unfounded in light of Dr. Kothari's deposition testimony. Therefore, we find that a new trial is not warranted.

Finally, the plaintiff contends that the court erred in refusing to allow the plaintiff to introduce evidence on the difference between the amount billed by plaintiff's health care providers and the amounts accepted as payment for such services. The plaintiff relies on *Moorhead v. Crozer Chester Medical Center,* 705 A.2d 452 (Pa. Super. 1997), in support of her argument that she was entitled to plead and prove the total amount billed for medical services rendered as evidence of the fair and reasonable value of the medical care that she received. This argument is without merit. The *Crozer Chester* decision does not apply to negligence actions involving automobiles. This issue is controlled by 75 Pa.C.S. §1797 which states that:

"The General Assembly finds that the reimbursement allowances applicable in the Commonwealth under the Medicare program are an appropriate basis to calculate payment for treatments, accommodations, products or services for injuries covered by liability or uninsured and underinsured benefits or first party medical benefits insurance." 75 Pa.C.S. §1797(a).

Therefore, the reimbursement for medical expenses is limited to the amount actually paid by the applicable insurance and accepted by the provider as payment in full.

Accordingly, we enter the following:

### ORDER

And now, August 31, 1999, the post-trial motions filed on behalf of the plaintiff are hereby denied.