## Vosburg v. Keysaw

C.P. of Bradford County, no. 99CV000075.

*John Kocsis,* for plaintiff.
*Richard A. Gray,* for defendant.

MOTT, *J.,* December 10, 1999—Nancy Vosburg, the plaintiff, initiated this action by filing a complaint on March 2, 1999. The complaint concerns an automobile accident which occurred on November 22, 1997. In her complaint, the plaintiff alleges that she suffered various injuries as a result of the defendant's, Kenneth Keysaw's, negligent operation of an automobile. The matter is scheduled for trial by jury on January 10, 2000. The plaintiff filed a motion in limine which was argued before the court on September 2, 1999.[1] It is that motion in limine that we address here. The plaintiff has asserted four matters in her motion. They are as follows:

"(1) The defendant should be precluded from introducing evidence that the plaintiff entered the ARD program in the Court of Common Pleas of Bradford County, Pennsylvania as the result of a charge of driving under the influence of alcohol.

"(2) The plaintiff is entitled to plead, prove, and recover the difference between the reasonable value of the health care provider's charges and the amounts paid as first party benefits under the Motor Vehicle Financial Responsibility Law.

"(3) The plaintiff is entitled to recover from the defendant for the first five days of her disability from work after the accident.

"(4) The defendant should be precluded from introducing evidence concerning the personal relationship

---

1. The plaintiff asserted in her pretrial memorandum that there were five unusual legal issues in this matter. The court directed counsel for the parties to attempt to resolve those issues by agreement, and if they could not do so, the unresolved issues were to be raised by the plaintiff before the court by way of motion. Apparently, all five of the issues remained unresolved.

between the plaintiff and the defendant after the date of the accident."

Regarding the first matter asserted by the plaintiff, we note that the defendant stipulated at oral argument, and in his brief, that no evidence should be introduced at trial pertaining to the plaintiff's entry into the ARD program. Thus, he will be barred from doing so.

We turn now to the second matter, and we find that under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., the plaintiff is not entitled to plead, prove, and recover from the defendant the difference between the reasonable value of the health care provider's charges and the amounts paid as first party benefits by the insurer to the insured (the plaintiff). A provider may not bill the insured directly, but must bill the insurer for a determination of the amount payable. 75 Pa.C.S. §1797(a). The insured is precluded from recovering from a tort-feasor the amount of benefits paid by the insurer. 75 Pa.C.S. §1722. In addition, *the provider is prohibited from collecting from the insured the difference between the provider's full charge and the amount paid by the insurer.* 75 Pa.C.S. §1797(a). When construing a statute, we must seek to ascertain and effectuate the legislative intent underlying the enactment of the statute. *Pittsburgh Neurosurgery Associates v. Danner,* 733 A.2d 1279 (Pa. Super. 1999) (citing 1 Pa.C.S. §1921(a); *Bamber v. Lumbermens Mutual Casualty Co.,* 451 Pa. Super. 548, 553, 680 A.2d 901, 904 (1996)). "There is a presumption that our legislature did not intend any statutory language to exist as mere surplusage." *Id.* (citing 1 Pa.C.S. §1921(a); *Bamber v. Lumbermens Mutual Casualty Co.,* 451 Pa. Super. at 554, 680 A.2d at 904). "Whenever possible, courts must construe a statute so as to give effect to every word contained therein." *Id.* (citing *Berger*

*v. Rinaldi,* 438 Pa. Super. 78, 86, 651 A.2d 553, 557 (1994), *appeal denied,* 544 Pa. 641, 664 A.2d 971 (1995)). "Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words." *Id.* "When the language of a statute is clear and unambiguous, any further deliberation as to its meaning is unwarranted." *Commonwealth v. Comella,* 735 A.2d 738, 740 (Pa. Commw. 1999) (citing 1 Pa.C.S. §1921(b); *American Trucking Associations Inc. v. Scheiner,* 510 Pa. 430, 509 A.2d 838 (1986), *rev'd on other grounds,* 483 U.S. 266, 107 S.Ct. 2829, 97 L.Ed. 2d 226 (1987)). Regarding the medical cost containment provisions of 75 Pa.C.S. §1797(a), our Superior Court has stated:

"The intent of the General Assembly in enacting the MVFRL, of which section 1797(a) is a part, was to reduce the rising cost of purchasing motor vehicle insurance. . . . 'The enactment of the MVFRL reflected the legislature's concern for the spiraling cost of automobile insurance and the resultant increase in the number of uninsured motorists driving on public highways.' . . . The primary cost saving mechanism to reduce insurance premiums was the medical cost containment provisions of section 1797 of the Act." *Pittsburgh Neurosurgery Associates v. Danner, supra* at 1282. (citations omitted)

Because it is clear from the wording of section 1797(a) that a provider may not bill the insured for the difference between the provider's full charge and the amount paid by the insurer, and must accept the amount paid by the insurer as full payment for the medical services provided to the insured, the insured owes nothing to the provider. Thus, the insured has suffered no harm resulting from the difference between the charges and the insurer's payments. Thus, if the plaintiff would be permitted to recover the difference from the defendant she would be

gaining a windfall. *Id.* at 1285. As a result, the plaintiff would be placed in a better position than she would have been had the accident not occurred. *Id.* As a consequence, the plaintiff is not entitled to plead, prove, or recover the difference between the reasonable value of the health care provider's charges and the amounts paid as first party benefits by the insurer to the plaintiff.[2]

In addressing the third matter, we find that the plaintiff is entitled to recover from the defendant for her lost income for the first five days she was disabled from working as a result of the accident. The plaintiff recovered first party income loss benefit from her insurer fol-

2. The plaintiff relies upon *Moorhead v. Crozer Chester Medical Center,* 705 A.2d 452 (Pa. Super. 1997), and *Kashner v. Geisinger Clinic,* 432 Pa. Super. 361, 638 A.2d 980 (1994). These cases state that a plaintiff in a personal injury action seeking damages from a tort-feasor for the cost of medical services provided to him as a result of the tort-feasor's wrongdoing is entitled to recover the reasonable value of those medical services, regardless of the fact that the injured party has received reimbursement for those services from a source other than the tort-feasor. *Moorhead, supra,* 705 A.2d at 454; *Kashner, supra* at 367, 638 A.2d at 983. Also, the *Moorhead* court quotes the Restatement (Second) of Torts §924 comment f (1979) which states, "The value of medical services made necessary by the tort can ordinarily be recovered although they have created no liability or expense to [the] injured person . . . ." *Moorhead, supra,* 705 A.2d at 455. However, *Moorhead,* involved an action in tort in which a patient sued a hospital for injuries sustained in a fall on hospital premises, and *Kashner* involved a medical malpractice claim in which the patient sued a physician and clinic for negligence in failure to diagnose acute appendicitis. Neither case involved the application of the medical cost containment provisions of section 1797(a) which properly advance the legislature's objective of reducing the cost of purchasing motor vehicle insurance for everyone, thus favoring the general public interest in reducing insurance premiums, over an individual's private interest in making a tort-feasor pay the full reasonable value of medical services. 1 Pa.C.S. §1922(5).

lowing the five-day waiting period.[3] The plaintiff is precluded from recovering from the defendant the amount of this benefit paid by the insurer. 75 Pa.C.S. §1722. The plaintiff stated that she was paid by her employer during the first five days of disability from work, because of sick days she had earned. (Deposition of Nancy Vosburg, p. 34.) We find that the plaintiff suffered harm as a result of the first five days of disability from work, in that she was forced to use sick days for those five days of disability, and thus, five less sick days are now available to her. Counsel for the defendant has pointed to no case law which would preclude recovery by the plaintiff for the first five days of disability from work under these circumstances. Also, our research has located no case law which would preclude recovery. Also, section 1722 apparently does not preclude the plaintiff from recovering for those first five days because this matter does not involve the medical cost containment provisions of section 1797(a) as did the second matter.

Concerning the fourth matter, we note that introduction of evidence at trial regarding the post-accident, but pre-complaint, breakdown in the romantic relationship between the plaintiff and the defendant may become relevant at trial. Such evidence may be relevant for impeach-

---

3. 75 Pa.C.S. §1712(2) provides:

"(2) Income loss benefit.—Includes the following:

"(I) 80 percent of actual loss of gross income.

"(ii) Reasonable expenses actually incurred for hiring a substitute to perform self-employment services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income. Income loss does not include loss of expected income for any period following the death of an individual or expenses incurred for services performed following the death of an individual. Income loss shall not commence until five working days have been lost after the date of the accident."

ment purposes. It may show bias and motivation for the plaintiff in bringing this action, and for any testimony by her regarding the accident and the injuries she alleges resulted from the accident. Pa.R.E. 607. We do not believe that the danger of unfair prejudice, confusion of the issues, or misleading of the jury outweighs the clear relevance this evidence may have for the jury's assessment of the credibility of the plaintiff. Therefore, we find that evidence of the said breakdown in the parties' relationship may be relevant, and we will not, in advance, exclude it from the evidence that may be offered at trial. However, the defendant should recognize that the admission of any such evidence will invite fair response to it from the plaintiff.

We recognize that the plaintiff has attempted to assert a fifth matter in her brief in support of her motion in limine. However, the matter was not raised or asserted in the motion itself. Thus, it is not properly before the court. Even if it was, we would not be able to rule upon it at this time. In order for consumption of alcohol to be admissible into evidence, there must be some evidence of intoxication. *In the Interest of M.M.,* 439 Pa. Super. 307, 318, 653 A.2d 1271, 1276 (1995). See *Commonwealth v. McGuire,* 302 Pa. Super. 226, 232-33, 448 A.2d 609, 613 (1982); *In the Interest of M.M.,* 547 Pa. 237, 243, 690 A.2d 175, 178 (1997). The consumption of alcoholic beverages alone is not probative of a lack of credibility and it may create an unfair impression. *Id.* We note that while there is indeed evidence contained in the record which demonstrates that the plaintiff consumed alcohol on the evening of the accident, we have not been directed to any evidence which would indicate that the plaintiff was intoxicated. (Deposition of Nancy Vosburg, p. 13.) More importantly, we cannot predict the content

of the testimony that might be elicited at trial. Therefore, at this juncture we cannot determine whether such evidence would be admissible.

Accordingly, we enter the following:

## ORDER

And now, December 10, 1999, in accord with the memorandum opinion filed this date, the court rules on the plaintiff's motion in limine as follows:

(1) The defendant is barred from introducing any evidence at trial concerning the plaintiff's entry into the ARD program.

(2) The plaintiff is not entitled to plead, prove and recover the difference between the reasonable value of her health care provider's charges for covered medical services rendered, and the amount paid as first party benefits for those services by her insurer under the Motor Vehicle Financial Responsibility Law.

(3) The plaintiff is entitled to recover for her financial losses resulting from her being disabled from working for the first five working days after the accident.

(4) The defendant is not precluded, in advance of trial, from introducing evidence at trial of the personal relationship between the plaintiff and defendant after the accident, assuming such evidence becomes relevant at trial.