J-A22008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLE WILSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| MEDICAL CENTER, HOSPITAL OF | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | No. 703 EDA 2016 |
| TRUSTEES OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA, FRANCIS | : | |
| MARCHLINSKI, M.D., AND THE | : | |
| CLINICAL PRACTICES OF THE | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| | : | |
| Appellants | : | |

Appeal from the Order January 21, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): December Term, 2012 No. 000488

BEFORE: BOWES, J., LAZARUS, J., and PLATT*, J.

DISSENTING MEMORANDUM BY BOWES, J.: **FILED JULY 10, 2018**

I agree with my distinguished colleagues in every respect but one: that the record supports the trial court's finding that defense counsel's misconduct was prejudicial, *i.e.*, that "the fact finder [was] rendered incapable of fairly weighing the evidence and entering an objective verdict." ***Poust v. Hylton***, 940 A.2d 380 (Pa.Super. 2007). Hence, I respectfully dissent from the majority's affirmance of the grant of a new trial.

As trial began, Mrs. Wilson stipulated that there was no negligence in the performance of the ablation procedure and requested that the court limit the scope of the trial to the post-procedure administration of heparin. The

_____
* Retired Senior Judge assigned to the Superior Court.

trial court agreed, and so ruled. Nevertheless, in examining Defendant Dr. Marchlinski, counsel for Defendants focused on the successful performance of the ablation procedure itself, drawing objections from counsel for Mrs. Wilson, which the court sustained. Defense counsel returned to the subject of the ablation procedure repeatedly, pushing the limits of the trial court's ruling. Objections were sustained and curative instructions given. On several occasions, the trial court accused counsel of intentionally trying to confuse the jury, and admonished him. To ensure that counsel's conduct did not divert the jury's attention from the issues in the case, the court *sua sponte* instructed the jury numerous times that the ablation procedure itself was not the issue and refocused the jury's attention on the administration of heparin post-ablation.

The record also confirms that defense counsel's interrogation was unnecessarily repetitive and cumulative at times. However, the court sustained objections and limited the inquiry. When defense counsel asked leading questions, objections were sustained without the injection of otherwise inadmissible testimony. Throughout, the trial court vigilantly circumscribed the scope and manner of the questioning, and re-directed the jury's attention to the pertinent issues.

Despite defense counsel's persistent defiance of the court's rulings regarding the scope of relevant testimony, Mrs. Wilson did not seek a mistrial. Rather, Defendants moved for a mistrial, maintaining that the trial court's

frequent rebukes had suggested to the jury that defense counsel's questions and conduct were inappropriate. Furthermore, defense counsel suggested that the tone of the court's comments to him communicated that the court favored the Plaintiff over the Defendants. The trial court not only denied the mistrial, but also later expressed its belief that defense counsel's conduct was calculated to provoke Mrs. Wilson into moving for a mistrial. The trial court stated that it would not have granted a mistrial regardless of which party asked for it, suggesting to me that the trial court did not believe at the time that defense counsel's conduct was so prejudicial as to preclude a fair trial.

After thorough review, I am struggling to find a record basis to support the trial court's change of mind. The trial court does not point to any particular circumstance or indication that defense counsel's misconduct affected the verdict. I note that the jury returned a defense verdict after less than one hour of deliberations. We have steadfastly maintained, however, that the duration of deliberations is no indicator that that any party was denied a fair trial. **See Commonwealth v. Ferguson**, 107 A.3d 206, 212 (Pa.Super. 2015) (holding defendant was not entitled to new trial for robbery and assault after jury returned guilty verdict on forty-three separate counts after deliberating for approximately one hour and six minutes); **DiFeliceantonio v. Armstrong World Industries, Inc.**, 680 A.2d 893, 895 (Pa.Super. 1996) (finding no indication that jury abandoned its duty to render a verdict based on the evidence due to "fatigue or slothfulness" where jury returned its verdict

within one hour of being sent out to deliberate at 4:50 p.m. on a Friday). Furthermore, the brevity of the deliberations would tend to belie jury confusion.

There was a post-verdict email from the jury foreperson to Mrs. Wilson's counsel that was proffered in support of the grant of a new trial. The email was reviewed by the trial court to determine whether it fell within the exception to the no-impeachment rule. Since the email did not relate to outside influences in the jury room, but solely described the nature of the deliberations, the trial court properly concluded that the email could not be considered. Thereafter, in ruling on the motion for new trial, the court expressly stated that it disregarded the email and its contents. Consequently, I see nothing in the record that explains why defense counsel's disregard for the trial court's rulings at trial, which the trial court stated did not warrant the grant of a mistrial then, was later deemed so prejudicial as to mandate a new trial.

Finally, I agree with Defendants that the trial court's curative instructions were more than sufficient to cure any perceived prejudice flowing from defense counsel's misdeeds. Defendants direct our attention to two cases where they contend counsel's misconduct was far more egregious, but held not to be so prejudicial as to require a new trial. In **Maya v. Benefit Risk Management**, 97 A.3d 1203 (Pa.Super. 2014), we affirmed the trial court's denial of a new trial, even though counsel for plaintiff referred to the

defendant corporation's wealth and "army of attorneys[,]" which the defense maintained "purposely inflamed the passions of the jury to the point where they were unable to render a fair and just verdict." *Id*. at 1224. After presiding over the nine-week trial, the trial court found that counsel for plaintiff's misconduct did not prevent the jury from "sifting through the evidence objectively and returning a verdict that was supported by the evidence." *Id*. On appeal, this Court observed that the jury's verdict in favor of the defendant on three claims, including one for punitive damages, tended to indicate that the verdict "was not the product of passion or prejudice." *Id*.

In *Ferguson v. Morton*, 84 A.3d 715 (Pa.Super. 2013), this Court found the trial court abused its discretion in ordering a new trial where, during closing argument, plaintiff's attorney urged the jury multiple times to punish the defendant. The court sustained objections each time, reprimanded counsel, and advised the jury to disregard the improper argument. On the fifth infraction, the court terminated the plaintiff's closing argument and again issued a curative instruction. The defense moved for mistrial, which the trial court denied. The jury thereafter returned a compensatory damage award of $575,000, and allocated negligence equally among the parties. The defense moved for a new trial, alleging that counsel's remarks were prejudicial and affected the verdict. The trial court agreed, and granted a new trial.

On appeal, Judge, now Justice, Wecht reasoned that the record did not support a finding of prejudice as the objections were sustained, counsel was

reprimanded "with increasing pointedness," and curative instructions were given. This Court relied heavily on the fact that, in addition to the steps the trial court took at the time to convey to the jury the inappropriate nature of the argument, the court "accurately and in detail" instructed the jury why it had to disregard counsel's entreaty to punish the defendant. Citing the presumption that juries obey the court's instructions, we reversed the trial court's grant of a new trial.

Defendants also point to **Young v. Washington Hosp.**, 761 A.2d 559 (Pa.Super. 2000), a medical negligence action arising from the defendants' failure to perform a caesarean section that caused a serious birth injury. Defense counsel asserted in his opening statement that the plaintiff parents' refusal to permit corrective surgery constituted contributory negligence, and furthermore, that they made the decision only after consultation with counsel. The trial court did not give a curative instruction at the time, and later refused to grant parents a new trial on that basis. On appeal, this Court found that the implication that the parents sued for financial gain, rather than for the benefit of their child, was not factually supported and so prejudicial as to require a new trial.

Herein, in granting Mrs. Wilson's motion for a new trial, the trial court characterized defense counsel's misconduct as so consequential that, "like a dash of ink in a can of milk, it cannot be strained out[.]" Trial Court Opinion, 10/31/16, at 31 (quoting **Lobalzo v. Varoli**, 185 A.2d 557, 561 (Pa. 1962)

(ordering a new trial as it was impossible to measure impact of erroneously admitted evidence of plaintiff's receipt of workers' and unemployment compensation and misleading jury charge on the verdict)). However, neither the trial court nor Mrs. Wilson pointed to any particular remark or argument of defense counsel that was so inflammatory or improper that it was prejudicial and necessitated a new trial. *See e.g. Poust*, *supra* (holding appellee's mention of the word cocaine, in violation of the court's ruling, tainted the entire proceeding and compromised appellant's ability to get a fair trial).

I submit there is nothing in the record that suggests that defense counsel's questionable tactics affected the verdict. The trial court took numerous precautions to ensure that no prejudice occurred. The nature of the misconduct was not egregious or so inflammatory as to suggest a verdict on an improper basis. In my view, defense counsel's transgressions herein did not rise to the level of impropriety exhibited in *Maya*, *Ferguson*, *Poust* or *Young*. Furthermore, as in *Ferguson*, the trial court issued explicit curative instructions calculated to alleviate any potential prejudice. There is simply no indication that the instructions failed to accomplish their purpose.

Thus, I believe it was an abuse of discretion to grant a new trial on the record before us. I would reverse the grant of a new trial, and affirm judgment in favor of Defendants.