J. S84041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AARON BRUNSON, | : | No. 52 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 22, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004492-2015

BEFORE: BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 21, 2019**

Aaron Brunson appeals from the July 22, 2016 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of burglary, robbery, conspiracy to commit robbery, and aggravated assault.[1] After careful review, we affirm.

The following factual and procedural history can be gleaned from the record: On February 27, 2015, appellant and three other men broke into a tattoo parlor owned by Kasheef Murray. Appellant and his cohorts robbed Murray and his friend, Isaiah Brown, of their gambling winnings from SugarHouse Casino, as well as other personal belongings. Murray and Brown were also stripped of their clothing. During the course of the robbery, Murray

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3701(a), 903(a), and 2702(a), respectively.

sustained a gunshot wound to the hip. He was transported to Temple Hospital for treatment.

While he was at Temple Hospital, Murray provided Philadelphia Police Officer Patrick Heron with an account of the robbery. He subsequently provided an account to a Philadelphia Police detective and testified about the robbery before a grand jury. At trial, however, Murray provided testimony that materially contradicted his statements to the police and his grand jury testimony. The Commonwealth introduced Murray's prior inconsistent statement through Officer Heron's testimony and subsequently confronted Murray with his signed interview with the detective and with a transcript of his grand jury testimony.

On May 20, 2016, a jury convicted appellant of the aforementioned crimes. The trial court sentenced appellant to an aggregate sentence of 25-50 years' imprisonment on July 22, 2016. The following day, appellant filed a **pro se** post-sentence motion, despite being represented by counsel. The trial court denied appellant's post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720 on November 21, 2016. Appellant filed a **pro se** notice of appeal on December 14, 2016.

On January 23, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on February 13, 2017. On June 12, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before we address the issue appellant raises on appeal, we must first determine whether appellant's appeal is properly before us. The Commonwealth contends that appellant's appeal should be quashed as untimely filed because appellant filed a *pro se* post-sentence motion while he was still represented by counsel, thus rendering the post-sentence motion a legal nullity. (Commonwealth's brief at 13.) Therefore, the Commonwealth argues that appellant's notice of appeal was not timely filed. (*Id.*)

It is well settled that hybrid representation is not permitted in this Commonwealth. *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016). A *pro se* filing of post-sentence motions by a litigant represented by counsel is considered a legal nullity. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007), citing *Commonwealth v. Piscanio*, 608 A.3d 1027, 1029 n.3 (Pa. 1992).

This court has recognized an exception to the rule against hybrid representation. In cases where a defendant is effectively abandoned by his counsel and the trial court fails to appoint new counsel in a timely manner, a defendant's *pro se* filing while still represented by counsel "does not offend considerations of hybrid representation." *Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa.Super. 2015). In *Leatherby*, the defendant could no longer afford his counsel's services, and his counsel requested that the trial court appoint new counsel. *Id.* During the sentencing hearing, however, counsel asked the defendant if the defendant would like either counsel or his

yet-to-be-appointed counsel to file a post-sentence motion on his behalf, and the defendant answered in the affirmative. *Id.* The defendant also indicated that he requested counsel and his yet-to-be-appointed counsel to perfect the appeal and file a notice of appeal with this court. *Id.* Finally, counsel made the following statement: "Just so [we] are clear. Judge, with that on the record again, what I will do is perfect his post-sentencing appeal before Your Honor and file that motion in Mr. Leatherby's name. But again, I would ask the court-appointed attorney to handle that matter." *Id.* (citations to the record and emphasis omitted). Seven days later, the defendant filed a ***pro se*** post-sentence motion in order to protect his rights. *Id.*

Here, the record reflects that appellant's trial counsel, Joseph Santaguida, Esq., never filed a motion to withdraw, nor did he make an oral motion to withdraw in open court in the presence of appellant pursuant to Rule 120 of the Pennsylvania Rules of Criminal Procedure. ***See*** Pa.R.Crim.P. 120(A)(4); (B)(1)-(2). Unlike ***Leatherby***, Attorney Santaguida did not make a request on the record to have newly court-appointed counsel file appellant's post-sentence motion and/or notice of appeal. We remanded this case for the trial court to hold an evidentiary hearing to determine whether Attorney Santaguida had effectively abandoned appellant, thereby necessitating appellant's filing of a ***pro se*** post-sentence motion in order to preserve his appellate rights.

The trial court held a hearing and determined that Attorney Santaguida had effectively abandoned appellant, which necessitated appellant's ***pro se*** filing of his post-sentence motion in order to preserve his appellate rights. Accordingly, we find that appellant's filing of a ***pro se*** post-sentence motion does not offend considerations of hybrid representation, and we will address appellant's issue on appeal on its merits. Appellant is represented by counsel on appeal.

Appellant raises the following issue for our review:

> Did the trial court err, requiring a new trial, in admitting Office[r] Patrick Heron's version of Kasheef Murray's statement from his hospital bed as a prior inconsistent statement as substantive evidence when Kasheef Murray had not yet testified?

Appellant's brief at 2.

Appellant contends that the trial court erred when it permitted Officer Heron to testify as to Murray's prior inconsistent statement when Murray had not yet testified. (Appellant's brief at 7-9.) Therefore, there was no inconsistent statement at the time of Officer Heron's testimony. (***Id.***) The Commonwealth argues that appellant has waived this issue on appeal because he consented to allowing Officer Heron's testimony out of order, knowing the substance of the officer's testimony. (Commonwealth's brief at 17.)

In cases where a party acquiesces to a trial court's ruling, any challenge relating to that ruling is waived on appeal. ***Commonwealth v. Hewlett***, 189 A.3d 1004, 1010 (Pa.Super. 2018), ***appeal denied***, 197 A.3d 1176 (Pa.

2018). In **Hewlett**, the defendant objected to the admission of a spectator's cell phone into evidence. **Id.** At the trial court's request, the defendant agreed to have the evidence admitted and provided the trial court with a curative jury instruction, which the trial court adopted. **Id.** **See also In re Lokuta**, 11 A.3d 427, 445 (Pa. 2011), citing **Commonwealth v. Frazier**, 359 A.2d 390, 391-392 (Pa. 1976) (Roberts, J., concurring) (holding that a party waives an issue on appeal when the matter is not pursued "at least enough to obtain a ruling" from the trial court).

Here, appellant's sole issue concerns the order in which Officer Heron testified as to Murray's prior inconsistent statement, which Murray provided to Officer Heron at Temple Hospital, and Officer Heron's testimony was provided before Murray testified inconsistently. The record reflects that appellant acquiesced to Officer Heron's testimony being given out of order:

> [THE COMMONWEALTH]: I am going to call Officer Heron. He's going to testify before Mr. Murray.
>
> . . . .
>
> [THE COMMONWEALTH]: Mr. Murray is going to go south, so I am asking to have the officer do the prior inconsistent statement version of what was told to him at the hospital. At this point, it would not be --
>
> THE COURT: Is there any objection to taking them out of order?
>
> MR. SANTAGUIDA: No.
>
> THE COURT: All right.

J. S84041/18

[THE COMMONWEALTH]: Thank you, Your Honor. I appreciate it.

Notes of testimony, 5/17/16 at 48. Accordingly, due to his acquiescence, appellant has waived any challenge to Officer Heron's testimony regarding Murray's statement at Temple Hospital. *Hewlett*, 189 A.3d at 1010.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/19

- 7 -